[Filed April 21, 1886.]

## JAMES H. OLDS *v.* W. B. CARY AND J. HOLLADAY.

DEMURRER — PLEADING — DEFECT WAIVED BY ANSWERING. — In an action upon an undertaking given in a suit to obtain an injunction, a complaint which alleges that upon the hearing of the suit in which the undertaking was given the injunction was dissolved by the court, but fails to allege that the injunction was wrongful or without sufficient cause, is defective, and a demurrer thereto should have been sustained. The defect was waived, however, by answering over to the merits.

INJUNCTION—DAMAGES—ATTORNEY FEES.—Where the injunction was only ancillary to the principal suit, reasonable counsel fees for obtaining its dissolution are recoverable as part of the damages; but where the injunction is the sole relief sought by the suit, no such item is allowable, unless the party can show that he was put to extra expense on account thereof.

YAMHILL COUNTY. Defendants appeal. Reversed, unless plaintiff remit excessive damages.

*T. N. Strong*, for Appellants.

No attorney's fees can be recovered in this action. (*Oelrichs* v. *Spain*, 15 Wall. 211, 231; *Patton* v. *Garrett*, 37 Ark. 605.) Where counsel fees are allowed, the recovery is limited to fees paid for procuring a dissolution of the injunction, as distinguished from fees paid for defending the entire case. (*Bustamente* v. *Stewart*, 55 Cal. 115; *Hovey* v. *Rubber-tip Pencil Co.*, 50 N. Y. 335; *Disbrow* v. *Garcia*, 52 Id. 654; *Wallace* v. *York*, 45 Iowa, 81; *Behrens* v. *McKenzie*, 23 Id. 333; *Langworthy* v. *McKelvey*, 25 Id. 48; *Allport* v. *Kelley*, 2 Mont. 343.) Counsel fees cannot, in any event, be recovered unless they have been paid. (*Willson* v. *McEvoy*, 25 Cal. 170; *Prader* v. *Grimm*, 28 Id. 11.)

*W. D. Fenton*, for Respondent.

That attorney's fees are properly admitted in the measure of damages in such cases, is fully established by the overwhelming weight of authority. (2 High on Injunctions, sec. 1685; 2 Sutherland on Damages, 68; *Behrens* v. *McKenzie*, 23 Iowa, 333; *Brown* v. *Jones*, 5 Nev. 374; *Cumings* v. *Burleson*, 78 Ill. 281; *Rose* v. *Post*, 56 N. Y. 603; *Prader* v. *Grim*, 13 Cal. 586; *Beeson* v. *Beeson*, 59 Ind. 97; *Garrett* v. *Logan*, 19 Ala. 344; *Derry Bank* v. *Heath*, 45 N. H. 524; *Collins* v. *Sinclair*, 51 Ill. 328; *McRae* v. *Brown*, 12 La. Ann. 181.) It is not necessary that the attorney's fees be paid in cash before suit. The giving of a note upon which the party is liable is sufficient. (*Garrett* v. *Logan*, 19 Ala. 344; *McRae* v. *Brown*, 12 La. Ann. 181; *Brown* v. *Jones*, 5 Nev. 374; *Noble* v. *Arnold*, 23 Ohio St. 264; *Delahanty* v. *Warner*, 75 Ill. 185; *Packer* v. *Nevin*, 67 N. Y. 550.) When the injunction was dissolved, the suit was necessarily dismissed. The decree was conclusive that the injunction was wrongful. (*Noble*

v. *Arnold*, 23 Ohio St.. 264; *Riddle* v. *Cheadle*, 25 Id. 278; *Langworthy* v. *McKelvey*, 25 Iowa, 48; *Andrews* v. *Glenville Woolen Co.*, 50 N. Y. 282.)

THAYER, J. The respondent commenced an action in the court below against the appellants, upon an undertaking executed by them in a suit which had theretofore been begun in the said Circuit Court by the appellant Cary against the respondent, to enjoin him from interfering with a certain inclosure in which a crop of wheat was growing; and wherein the said appellant, in order to obtain a provisional writ of injunction, executed the undertaking as principal, and the appellant Holladay executed it as surety. The undertaking was to the effect that the appellants would pay all costs and disbursements that might be decreed to the respondent, and such damages, not exceeding the sum of $500, as he might sustain by reason of the injunction, if the same were wrongful or without sufficient cause. It was alleged in the complaint in the action in which the judgment appealed from was obtained, that a writ of injunction duly issued in said suit; and that, upon the hearing thereof, it was dissolved by said Circuit Court, and that the court decreed to the respondent his costs and disbursements therein taxed at $93.80, which the appellant Cary paid, and that the decree dissolving the injunction had become final; that by reason of the granting of the injunction, and the continuance thereof to its dissolution, the respondent was compelled to employ and pay, as attorney's fees to procure the dissolution of it, the sum of $150; and that he sustained other damages set out in the complaint. The appellants filed a demurrer to the complaint, which was overruled, and thereupon answered over. The issues were tried by jury; and upon the trial thereof the respondent's counsel, in order to sustain the said allegation

of the complaint, as to the employment and payment of the attorney's fees, gave evidence tending to prove that he employed certain attorneys to defend the suit, and paid them $100 cash, and executed his note for fifty dollars. The evidence was objected to by the appellants' counsel, but the court overruled the objection, and an exception was taken to the ruling. The jury returned a verdict for the respondent, supposed to include said $150, and upon which the judgment appealed from was entered.

Two questions are raised by the appellants' counsel upon the appeal. The first is, that the complaint was defective in not alleging that the injunction was wrongful, or without sufficient cause; the second one, that the court improperly overruled the objection to the admission of the evidence regarding the employment and payment of attorneys in the suit.

The objection to the complaint, I think, was well taken. The fact that the injunction was wrongful, or without sufficient cause, should have been alleged. The dissolution of it by the court was evidence of its being wrongful, and should have been introduced as evidence, and not alleged as the substantive fact. A moment's reflection will convince an attorney that this view is correct. The objection was evidently good upon demurrer, though I do not think that the complaint was fatally defective. I think it was good after verdict, and that the appellants waived the objection to it by answering over. If they had stood upon their demurrer, however, they would have been able to insist upon the point in this court; but under the circumstances, I think the error was cured. The defect was in the statement, and not in the cause of action, and could therefore be waived by going to trial upon the merits. This I believe is an elementary principle.

The second question is more serious. It is very doubtful whether, upon principle, attorney's fees can be re-

covered in any action, beyond the amount allowed by law, unless expressly stipulated, though in almost all the adjudged cases they are allowed, in actions upon injunction bonds or undertakings, as a part of the damages, if it is ascertaind that the injunction was wrongful. High says:

"The allowance of counsel fees as damages upon dissolving an injunction is based upon the fact that defendant has been compelled to employ aid in ridding himself of an unjust restriction, which has been placed upon him by the action of the plaintiff." (2 High on Injunctions, sec. 1686.)

It is held in nearly all the states that such an allowance is proper, as a part of the damages incurred in consequence of the injunction. The Supreme Court of the United States, however, has taken a different view of the subject, and holds that it is not supported by "the analogies of the law and sound public policy." (*Oelrichs* v *Spain*, 15 Wall. 211–231.) And the Arkansas courts hold to the same doctrine. (*Oliphint* v. *Mansfield*, 36 Ark. 191; *Patton* v. *Garrett*, 37 Id. 605.)

If the injunction in this case had only been ancillary to the principal object of the suit, and the respondent had taken steps to have it dissolved, I should have no hesitancy in holding, upon the weight of authority, that reasonable counsel fees, incurred in obtaining a dissolution, could be recovered as a part of the damages; but here the injunction was the sole relief sought by the suit, and although the employment of counsel to defend it was to get rid of the provisional writ, it was also to defeat the suit itself, and in the latter case no such item of damages could be allowed upon any principle, as the right to institute and prosecute the suit was entirely independent of the provisional remedy. The object of the preliminary injunction was to stay the threatened acts of

the respondent during the pendency of the suit; and any expense it occasioned him as the direct result of the restraint, or in order to rid himself of it, might be a proper subject of indemnity, but he would necessarily have to defend the suit in any event, and ought not to recover damages incurred for counsel fees on account of that, any more than 'if no provisional injunction had been granted. In *Behrens* v. *McKenzie,* 23 Iowa, 333, it was held that a reasonable compensation for legal services in procuring a release of the injunction might be recovered as damages in an action on the bond; but that it would not allow attorney's fees for services in defending the entire action, but alone for procuring the dissolution of the writ, or releasing the property from its operation.

There is evidence in this case showing that a motion was made in the suit to dissolve the temporary injunction, but was denied; and under the rule laid down in *Andrews* v. *Glenville Woolen Co.,* 50 N. Y. 283, the expenses of that motion, and a counsel fee on the trial, might have been allowed in the action. That would have been more just than to allow all the charges of counsel in the case. Our Code, however, does not fix any counsel fee, while the New York Code, I believe, does. The main difficulty lies in the inability to apportion the expense incurred in the suit for counsel fees. If it could be ascertained what part of the services rendered by the counsel employed by the respondent, for which he paid the $150, were rendered upon the dissolution of the injunction, and what part were rendered in defending the suit, an equitable adjustment of the matter could be very easily arrived at. The respondent, if allowed anything for the expense of counsel in the suit, should only have been allowed the extra or increased expense which the suing out and obtaining the writ of

injunction occasioned; but how this could have been arrived at in this case without an arbitrary apportionment by the court, I am unable to discover. · It is evident that the respondent incurred some extra-expense on account of attorney's fees in consequence of the injunction, which he probably should have been indemnified for, but that he should recover the entire charge of his attorneys for managing his defense to the suit would be unreasonable in any view we might take as to the law upon the subject.

The respondent's counsel contended that, as the injunction was the sole relief sought in the suit, the rule was different; that in such a case the entire amount paid for attorney's fees was recoverable. But I do not think this view correct. It is not reasonable to require a party, because he obtained a writ of injunction staying the defendant in the suit from doing the threatened acts during its pendency, to pay the defendant's attorney's fees for defending the suit. The defendant was put to that expense in consequence of the suit, and not on account of the temporary injunction. *Bustamente* v. *Stewart*, 55 Cal. 115, is conclusive upon that point. The party in such case must show that he was put to extra expense for attorney's fees on account of the injunction, in order to recover. In *Wallace* v. *York*, 45 Iowa, 81, it was held that the plaintiff might recover for the services of counsel in preparing a motion to dissolve the injunction and affidavits to sustain it, if made in good faith, although in fact the motion was not passed upon by the court until final hearing. That is as far, I think, as courts should go in such cases. The extra expense occasioned by the issuance of a preliminary writ cannot, in the nature of things, extend to any other matter, and the respondent in this case should only have been allowed counsel fees for preparing and making the motion

to dissolve the injunction, the amount of which, I should judge, from the subject-matter of the suit, and amount of entire charges for attorney's fees, could not have exceeded fifty dollars.

A new trial must be had, unless the respondent remit $100 of the amount of his recovery, with the amount of interest allowed by the judgment upon that sum since such recovery. The costs and disbursements upon appeal must be taxed to the respondent.