H. A. HELMKAMPF et al., Appellants, v. WILLIAM WOOD et al., Respondents.

**St. Louis Court of Appeals, April 24, 1900.***

1. **Injunction: DISSOLUTION OF: DAMAGES: STATUTORY CONSTRUCTION: PARTIES: ACTION: BOND.** The evident intention of section 5498, revised Statutes 1889, is to extend the operation of the bond so as to protect all parties interested in the subject-matter enjoined against damages growing out of the injunction, and this section necessarily confers on anyone so injured a separate or independent right to seek redress on the bond.

2. ———: **MOTION TO ASSESS DAMAGES: INSTRUCTION: ELEMENTS OF DAMAGES.** The elements of damages upon a motion for an assessment of the same are, attorney's fees, loss of time and expense incurred in attending the hearing of and resisting the application for a temporary injunction.

3. ———: **PRACTICE, APPELLATE.** Where the assessment of the damages by the court was within the evidence, it will not be disturbed by the appellate court.

Appeal from the Bollinger Circuit Court.—*Hon. James D. Fox,* Judge

AFFIRMED.

No briefs furnished reporter.

BIGGS, J.—This is an appeal from an assessment of damages on an injunction bond. The plaintiffs are property owners in the city of Jackson, Cape Girardeau county. In 1897 the municipal authorities of the city of Jackson provided by ordinances for the grading and improving of certain

---

* NOTE.—Received by reporter November 20, 1900.

streets in front of the lots owned by the plaintiffs. The contract for the work was awarded to the defendant Wood. To prevent the execution of the contract and the work thereunder, the plaintiffs applied to the judge of the probate court of that county for an injunction on the ground principally that the city council had failed to take the necessary steps to have the damages to plaintiffs' property ascertained and assessed as required by the statute. The temporary order was made upon the giving of the usual bond. Wood, the city of Jackson and the mayor of the city were made parties. Wood employed counsel to defend the suit. There was an answer filed for all of the defendants and a motion to dissolve. At this stage of the proceeding the venue of the cause was changed to Bollinger county. At the September term, 1897, of that court the temporary injunction was dissolved by reason of the failure of plaintiffs to give an additional injunction bond. Thereupon at the same term Wood filed his separate motion for an assessment of damages. The motion and the case were then continued until the September term, 1898, when the plaintiffs voluntarily dismissed the action. Upon the dismissal of the action the motion for the assessment of damages was taken up and a jury having been waived the matter was submitted to the court. Upon the testimony adduced the court assessed $400 damages against the plaintiffs and the sureties on their injunction bond and a judgment was entered for that amount. The plaintiffs have appealed from the judgment.

The first contention is that there could not be a separate assessment of damages in favor of Wood; that the bond is a joint obligation, and that any action thereon, or the enforcement of any liability thereunder, must be at the suit of all the obligees in the bond. We can not agree to this. The case of Dewey v. Carey, 60 Mo. 226, supports the principle contended for, but that case was decided prior to the revision

of the statutes in 1889. Section 5498, Revised Statutes 1889, reads: "No injunction, unless on final hearing or judgment, shall issue in any case, except in suits instituted by the state in its own behalf, until the plaintiff, or some responsible person for him, shall have executed a bond with sufficient surety or sureties to the other party in such sum as the court or judge shall deem sufficient to secure the amount or other matter to be enjoined, and all damages that may be occasioned by such injunction *to the parties enjoined or to any party interested in the subject matter of the controversy,* conditioned that the plaintiff will abide the decision which shall be made thereon and pay all sums of money, damages and costs that shall be adjudged against him if the injunction shall be dissolved." The old section of the statute (R. S. 1879, sec. 2710) was amended by the section quoted by adding that portion in italics. The evident intention of the amendment was to extend the operation of the bond so as to protect *all* parties interested in the subject-matter enjoined against damages growing out of the injunction, which we think necessarily confers on any one so injured a separate or independent right to seek redress on the bond. While this question was not discussed by the supreme court in Nolan v. Johns, 108 Mo. 431 (1891), and Fears v. Riley, 147 Mo. 453 (1899), yet in both cases the court seemingly took it for granted that any party injured might have his damages separately ascertained. Thus in the Nolan case only one of the defendants sought by motion to have his damages assessed against the principal and sureties in the injunction bond. In the Fears case the two defendants filed separate motions and there were separate assessments.

Concerning the assessment of damages, the appellants asked the court to instruct as follows: "The court declares the law to be that upon this motion for an assessment of damages, attorneys fees, loss of time and expenses incurred in attending the hearing of and resisting the application in the

*probate court* for a temporary injunction will not be considered as elements of damages." The court refused this instruction. The action of the court is assigned for error, the contention being that the plaintiffs are only liable for the expenses incurred in securing a dissolution of the temporary injunction. If the point were conceded no prejudicial error could be predicated on the refusal of the instruction as to attorney fees, for the reason that the second instruction asked by the appellants and which the court gave expressly declared that only such attorneys' fees "as pertained to the dissolution of the temporary injunction could be allowed." And in the examination of witnesses touching the value of the services of defendant's attorney, the inquiry was limited to work done in securing the dissolution of the injunction. We do not understand from the record that any other items of damage claimed preceded or pertained to the preliminary order. This assignment will likewise be ruled against the appellants.

When the motion for the assessment of damages was called for hearing, which immediately followed the dismissal of the action, the appellants applied for a continuance on the ground of the absence of some of the plaintiffs in a neighboring county, and of other witnesses whose testimony was deemed material. The court refused to grant a continuance, and we are not disposed to interfere with its action. The appellants showed no diligence whatever. They knew that the motion was pending, and knowing before the term that their suit would be dismissed, they ought to have been ready for the trial of the motion.

The assessment of the damages by the court was within the evidence, and we therefore can not disturb it as being excessive.

There are other exceptions argued in the brief which we will not discuss, as the result would not be changed.

The judgment of the circuit court will be affirmed. Judges *Bland* and *Bond* concur in the result only.