NEW ORLEANS, MOBILE & CHICAGO RAILROAD COMPANY *v.* B. C. MARTIN ET AL.

[62 South. 228.]

INJUNCTION. *Wrongful issuance.   Solicitor's fees.   Discretion of court.*
    The question of determining the amount of fees for solicitors to
    be allowed on the dissolution of an injunction is addressed
    to the sound discretion of the Chancellor.

APPEAL from the chancery court of Forrest county.
HON. T. A. WOOD, Chancellor.
The facts are fully stated in the opinion of the court.

*Flowers, Alexander & Whitfield,* for appellant.

*Stevens & Cook* and *Tally & Mason,* attorneys, for appellee.

Reed, J., delivered the opinion of the court.

Appellant, by this appeal, requests us to reduce the amounts of the fees allowed to the solicitors for appellees by the chancellor upon dissolution of injunction.

Appellant filed a bill in the chancery court against appellees, four in number, and obtained an injunction restraining them from prosecuting their several and separate suits in the circuit court against appellant for damages from personal injuries resulting from the derailment of a train. The amount named in each of these suits for damages is ten thousand dollars. Shortly after the bill was filed this court decided the case of *Cumberland Telephone & Telegraph Co.* v. *Williamson,* 57 So. 559, wherein it was held that equity would not enjoin several actions at law on the ground of multiplicity of suits, where there is merely a community of interests in the questions of law and fact involved, and where there is no community of interests or of right in the subject-matter.

At the first term of the chancery court after the bill was filed the several defendants filed their separate demurrers to the bill and motions to dissolve the injunction. They were represented by different counsel. The case was set down for hearing upon the demurrers and motions, and there were filed at the same time notices of the claims by appellees for damages to be presented upon the hearing of the motions to dissolve the injunction. Each of these notices included a claim for solicitor's fee for defending the injunction suit as an item of damage. After the filing of all the papers mentioned by appellees, and the case was duly set down on the docket, appellant filed a written request with the clerk of the court to dismiss the case, and filed in the court a motion for dismissal, and also filed a motion to remand to rules and dismiss.

We now quote from the final decree: "The court considered the cause on all pleadings, by consent of all par-

ties, and heard arguments in the premises. And on the hearing hereof the court now decrees that for the reasons set forth in the separate demurrers the injunction heretofore sued out was improperly issued, and that each defendant is separately entitled to damages. And therefore all parties agreed in open court that the chancellor of the court should fix the damages recoverable by each defendant, having regard to the pleadings, and fixing such damages of his own discretion, as to what is under the circumstances a reasonable solicitor's fee for services due to each defendant's solicitors." Thereupon the court fixed the fees in the sum of one hundred and seventy-five dollars for each appellee, making a total of seven hundred dollars.

The question of determining the amount of fees for solicitors to be allowed in this case is addressed to the sound discretion of the chancellor. The case was in his court; he knew exactly what services the several solicitors had rendered; he was informed as to the importance of the contests and the responsibility resting upon counsel for the defendants, as well as their actual services in the preparation and presentation of the several defenses; they were accustomed to practice in his court; it is a part of his duty as chancellor to fix fees in matters and causes pending before him. He is familiar with the established usage and practice relative to the amount of fees to be charged in cases in his court. Because of his familiarity with all of these things, he is in a position to reach a correct determination of what should be reasonable fees to the solicitors in this case.

After a careful consideration of this case, it does not clearly appear to us that the fees allowed by the chancellor are not reasonable in amounts, and we will therefore not disturb his decision.

*Affirmed.*