Argued September 10, reversed September 29, 1914.

## REED v. BRANDENBURG.*

(143 Pac. 989.)

**Injunction—Operation—Necessity for Notice.**

1. Under Section 418, L. O. L., providing that the order for an injunction may be served as a summons, except that the service shall be made on defendant personally, but it shall be deemed to have been served on defendant from the date of its allowance if the defendant appeared, the provision dispensing with service where the defendant appeared refers to any case where defendant has made an appearance and contested the granting of the order, though he was not personally present when it was actually entered.

[As to the necessary notice upon which injunction becomes binding on the enjoined person, see note in 55 Am. Dec. 722.]

**Injunction—Liabilities on Bonds—Pleading.**

2. In an action on an injunction bond, complaint *held* sufficient to state a cause of action.

**Injunction—Liabilities on Bonds—Damages.**

3. In an action on an injunction bond, where the order of injunction was dismissed, the trouble given plaintiff, the time and money expended by him in procuring the vacation of the injunction order, and the injury to his business as a farmer and stock feeder were legitimate items of damage.

**Pleading—Motions—Making More Definite and Certain.**

4. In an action on an injunction bond, where damages consisting of trouble, time and money expended, and injury to business are imperfectly stated, the remedy of defendant is by motion to make more definite and certain.

---

*For the recovery on injunction bond of attorneys' fees necessarily expended in dissolving the injunction, see notes in 16 L. R. A. (N. S.) 50 and 33 L. R. A. (N. S.) 844.    REPORTER.

Injunction—Liabilities on Bonds—Damages—Attorney's Fees.

5. Attorney's fees expended in procuring the dissolution of an injunction are legitimate items of damage on the injunction bond, even where the fees are paid on an unsuccessful motion to dissolve, if the injunction is eventually found wrongful.

> [As to attorneys' fees on the dissolution of injunction, see notes in 77 Am. Dec. 158; Ann. Cas. 1912D, 715.]

Injunction—Liabilities on Bonds—Damages—Evidence.

6. In an action on an injunction bond, where the evidence fails to identify the hay which plaintiff refrained from selling on account of injunction with that to which the injunction applied, he is not entitled to damages for that item.

From Klamath: HENRY L. BENSON, Judge.

Department 2.    Statement by MR. CHIEF JUSTICE MCBRIDE.

This is an action by J. B. Reed against C. K. Brandenburg, M. Hanks and G. Keitkemper, Jr.    The facts are as follows:

In September, 1909, Brandenburg, a defendant in the present action, began a suit against Reed, the plaintiff in this action, and moved for a temporary injunction to restrain Reed from disposing of certain hay, potatoes and pasture described in the complaint. The court issued an order requiring Reed to appear on October 6th to show cause why such injunction should not issue, and upon that date he appeared personally and by his attorneys and contested the granting of the injunction.    The court took the matter under advisement and made an order enjoining Reed, as moved.    It does not appear from the order that Reed or his attorneys were present when the order was made, but Reed was informed of it by his attorney and, according to his evidence in the present case, obeyed it.    Subsequently, Brandenburg voluntarily dismissed his suit, and thereupon Reed brought this action against him

and his sureties upon the undertaking given in the injunction proceedings.

There was a general demurrer to the complaint, which, being overruled, the defendants answered, admitting the making of the order, but alleging that it was not served upon Reed, and that it did not appear from the order that he was personally present in court at the time it was made. At the close of plaintiff's testimony defendants moved for a nonsuit, which was granted, presumably upon the ground of want of service of the order of injunction upon the plaintiff. Other facts are stated in the opinion. Plaintiff appeals.                                        REVERSED.

For appellant there was a brief over the names of *Mr. C. C. Brower* and *Mr. E. L. Elliott,* with an oral argument by *Mr. Brower.*

For respondents there was a brief over the names of *Mr. Myron E. Pogue* and *Mr. John Irwin,* with an oral argument by *Mr. Pogue.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. The principal question raised on this appeal turns upon the construction to be given to Section 418, L. O. L., which reads as follows:

"The undertaking and affidavits, if any, upon which the injunction is allowed, shall be filed with the clerk. The order may be served as a summons and returned to the clerk, with the proof of service indorsed thereon; except that the service shall be made upon the defendant personally. The order may be filed with the clerk at once, and shall be deemed to be served upon the defendant from the date of its allowance, if it appear therefrom that the defendant appeared before the court or judge at the allowance thereof."

We are of the opinion that the language which dispenses with the service of the order in cases where the "defendant appeared before the court or judge at the allowance thereof" should be interpreted as referring to any case where the defendant had made an appearance and contested the granting of the order. It is a common practice for courts to grant preliminary injunctions without notice to the opposite party, and in such cases common justice would indicate that a party could not be required to obey an order the contents and entry of which had not been brought to his attention; but where the proceeding is brought to his notice, and he appears and contests the issuance of the order, the mere fact that he was not present in the courtroom when it was actually entered is not so vital as to render the order of no effect. Service of a copy is made upon him. Having appeared, it is his business to keep himself informed of further proceedings in the case, and it may be stated as a general rule that, when a party makes a general appearance in a proceeding, that appearance is presumed to continue until the termination of such proceeding, unless there is some statute or rule of court requiring further notice.

2. It is also claimed by defendants that the complaint does not state facts sufficient to constitute a cause of action; but, while indefinite in many particulars, we think it good upon general demurrer. It sets up the filing of a complaint in the suit and the prayer therein for a temporary injunction restraining plaintiff in this action from "using, selling and disposing of certain hay and potatoes, and pasture [described in the complaint filed in said suit] and from interfering with plaintiff in any wise whatsoever, in entering said place and premises for the purpose of selling, dispos-

ing and marketing of said crops, harvested and unharvested, and of using, renting and disposing of said pasture and that upon final adjudication of this suit the temporary injunction be made permanent." It then sets up the filing of the undertaking, giving a copy of it; the issuing of the injunction with a copy of it; the subsequent vacation of the injunction; the dismissal of the suit at the cost of the plaintiff therein; the fact that it was wrongful and without cause, with the following allegation of damages:

"That by reason of said temporary injunction order, so issued in said suit, plaintiff was damaged in the sum of $2,500 in this, to wit: For injury to plaintiff's business as a farmer and stock feeder and for the time and trouble spent by plaintiff in looking after and in procuring the vacation of said temporary injunction order, and for money paid out and expended for counsel and attorney fees, and for his expenses in and about the procuring of the vacating, setting aside and holding for naught of said temporary injunction order."

3, 4. The trouble given plaintiff and the time and money expended by him in procuring the vacation of the injunction order are legitimate items of damage, and the injury to his business as a farmer and stock feeder are also legitimate items. It is true they are imperfectly stated, but if the defendants had wished to compel a clearer statement, their remedy was by a motion to make more definite and certain, of which they failed to avail themselves.

5. Attorney's fees expended in procuring a dissolution of an injunction are legitimate items of damage in cases of this kind: 22 Cyc. 1005; *Olds* v. *Cary,* 13 Or. 365 (10 Pac. 786). And this rule extends even to attorney's fees paid upon an unsuccessful motion to dissolve, if the injunction is eventually found to have

been wrongful: *Olds* v. *Cary,* 13 Or. 365 (10 Pac. 786) ; *Andrews* v. *Glenville Woolen Co.,* 50 N. Y. 283.

6. It is also claimed that there was no evidence of damages to go to the jury, and it is particularly argued that, the complaint in the injunction suit not having been introduced in evidence, there is no testimony identifying the particular hay and other matters included in it. The injunction order prohibited plaintiff from disposing of or in any way exercising any control or dominion over the rye or wheat hay mentioned in the complaint. Although the defendants admitted the making of the injunction order, and thereby admitted knowledge of the contents of the order and to what it referred, there was no testimony, either written or oral, identifying the hay which plaintiff testified he refrained from selling as the same hay mentioned in the complaint. It is true that he testifies he had hay, and that he did not sell it on account of the injunction, but in the course of a long examination he never stated that the hay about which he was testifying was the hay mentioned in the complaint in the injunction suit. As to this item of damage there was no evidence, but as to attorney's fees expended in procuring a dissolution of the injunction there was enough evidence to go to the jury.

The judgment will be reversed and a new trial ordered. REVERSED.

MR. JUSTICE EAKIN, MR. JUSTICE BEAN and MR. JUSTICE McNARY concur.