(March 21, 1922.)

E. V. BERG and D. M. DENTON, Appellants, v. TWIN FALLS CANAL COMPANY, a Corporation, Respondent.

[213 Pac. 694.]

IRRIGATION—EMINENT DOMAIN—EXCHANGE OF WATER—CONDEMNATION OF USE OF CANAL SYSTEM—PUMPING PROJECT.

1. Where a third party proposes to turn water appropriated by him into a canal of an irrigation company, and pump a like amount of water appropriated by the company out of its canal higher up, a right to such a use of the system cannot be acquired by condemning the right to use a small part of the canal at the lower point to discharge the water into it, and another small part at the higher point to pump the water out.

2. Whether the right to make such use of the system can be acquired by condemning an interest in the canal system, *quaere:*

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

---

Publisher's Note.

Water apart from land as subject to the law of eminent domain, see notes in 13 **Ann. Cas.** 72; **Ann. Cas.** 1914C, 1037.

Condemnation proceeding. From an order refusing to appoint appraisers, plaintiffs appeal. *Affirmed.*

E. M. Wolfe, J. F. Martin and L. A. Wade, for Appellants.

No person can appropriate the water of one stream and divert it into another and then, refusing to use it himself, bar others from using it. (Sec. 5560, C. S.; *Hagerman Irr. Co. v. East Grand Plain Drainage Dist.,* 25 N. M. 649, 187 Pac. 555.)

This water was again subject to appropriation. (*Eddy v. Simpson,* 3 Cal. 249; *Kelly v. The Natrona Water Co.,* 6 Cal. 105; *La Java Creamery & Live Stock Co. v. Hanson,* 35 Colo. 105, 83 Pac. 644.)

If the plaintiffs have water which they are entitled to divert, they can condemn the right in defendant's system to discharge their water into the Low Line canal and pump the same out of the main canal. (*Reno v. Richards,* 32 Ida. 1, 178 Pac. 81; *Portneuf Irr. Co. v. Budge,* 16 Ida. 116, 18 Ann. Cas. 674, 100 Pac. 104.)

Jas. R. Bothwell, for Respondent.

Plaintiffs are not entitled to condemn a right to discharge water into defendant's Low Line canal and to condemn a right to divert water from defendant's main canal. (1 Wiel on Water Rights in Western States, 3d ed., 48 et seq.; *Stockman v. Riverside etc.,* 64 Cal. 57, 28 Pac. 116; 2 Kinney on Irrigation, p. 1151; *Mabee v. Platte Land Co.,* 17 Colo. App. 476, 68 Pac. 1058; *Green Valley Ditch Co. v. Schneider,* 50 Colo. 606, 115 Pac. 705; *Lambeye v. Garcia,* 18 Ariz. 178, 157 Pac. 977; *Davis v. Martin,* 157 Cal. 657, 108 Pac. 866; *Hansen v. McCue,* 42 Cal. 303, 10 Am. Rep. 299; *Katz v. Walkinshaw,* 141 Cal. 116, 99 Am. St. 35, 70 Pac. 663, 74 Pac. 766, 64 L. R. A. 236; *Corroea v. Frieatas,* 42 Cal. 339; *Gerber v. Nampa Irr. Dist.,* 16 Ida. 1, 100 Pac. 80; Mills' Irrigation Manual, p. 53.)

McCARTHY, J.—This is an eminent domain proceeding. The following are the material allegations of the complaint:

Respondent is a Carey Act Service Company controlling and operating an extensive system of irrigation canals on the Twin Falls tract. A large amount of water is diverted from the Snake River by a dam at Milner, Idaho, and conducted for several miles, through one large main canal to a point where it is divided into two canals called the High Line and Low Line. About two miles beyond this point of division, both canals cross Rock Creek, a natural stream, a tributory of Snake River. The waste waters from that part of the tract which lies in Rock Creek Valley between the two canals find their way, in a natural manner, into Rock Creek, augmenting the natural flow of that stream. For more than five years respondent has not put the waters of Rock Creek to beneficial use.

On May 9, 1919, appellants secured from the State Engineer a permit to appropriate and divert the water of Rock Creek at a point above the Low Line canal, their purpose being to convey the water from the point of diversion in a pipe or otherwise to the Low Line canal and discharge it into that canal. They then propose to pump a like amount of water out of the main canal at a point between the Milner dam and the head of the High Line and Low Line canals—a point on the system far above where the water is reclaimed—near which there is a large acreage of land that can be reclaimed by the pumping of water upon it.

Appellants seek to condemn the right to use a small part of respondent's right of way on the Low Line canal for the purpose of discharging into it the reclaimed water, and another small part of the right of way, farther up on the system, for the purpose of taking from the main canal a like amount of water. They allege that the water diverted is not needed by respondent above the point where the amount would be returned; in other words, the taking of the water from the main canal would not deprive the respondent of the use of any water needed by it before such amount would be discharged into the Low Line canal. They contend that their proposed scheme will not only place no added burden upon respondent's canal system, but will actually relieve it of the necessity of conducting this amount of water be-

tween the point where it would be pumped out of the main canal and the point where a like amount would be returned to the Low Line canal.

Appellants made application for the appointment of appraisers, and, upon the hearing of the motion, offered evidence to establish the allegations of their complaint. The court refused to allow the introduction of evidence and to appoint appraisers, on the ground that the complaint did not state facts sufficient to entitle appellants to any relief. From the order to this effect, appellants appeal.

Two questions are presented. First—Is the water of Rock Creek which appellants seek to use, subject to appropriation as against respondent? Second—Can appellants condemn the right which they seek in this case?

We will consider the second question first. Appellants say the purpose of their plan is to beneficially use waters subject to appropriation. But how do they propose to accomplish this? Solely through a novel use of a canal system belonging to others. Appellants could condemn a right to use a portion of the system of respondent, if necessary, to convey water appropriated by them to land upon which it was to be used. (*Portneuf Irr. Co. v. Budge,* 16 Ida. 116, 18 Ann. Cas. 674, 100 Pac. 1046.) They could mix waters appropriated by them with those of respondent and any number of others, in a natural watercourse for a similar purpose. (C. S., sec. 5560.) But this practice is allowed upon the theory that the water taken out is the water appropriated. No legal fiction can support the theory that the water to be taken out of respondent's main canal is the same water as that proposed to be appropriated by appellants and placed in the Low Line Canal. It is true that in one case cited by appellants, viz., *Reno v. Richards,* 32 Ida. 1, 178 Pac. 81, the taking of water was permitted out of a stream, above the place where an equal amount of salvaged water was returned through another stream, all above the points of diversion of lower appropriators. But in that case the compensation was accomplished through natural watercourses, without the slightest use of, or interference with, any system of the lower appropriators. The

36 Idaho.—5

water was not diverted from the canal of another party. That case is not in point here.

C. S., sec. 5560, cited by appellants in support of their contention, cannot have the effect of permitting them to use respondent's property without compensation.

The location and altitude at which water is found, or salvaged, have everything to do with its availability for irrigation purposes. The feasibility of appellants' scheme is due solely to the existence of respondent's works and canal system. The diversion dam at Milner, the main canal, which carries the water to the point of proposed diversion, the High Line canal, which conducts the water to places whence it can reach Rock Creek, the Low Line Canal, which affords the opportunity to pick it up again, and make use of it below—all are necessary to make possible the proposed project. The presence of the system, as a whole, alone makes possible such a plan. The system is the private property of respondent, constructed at great expense. The service rendered by the system, as a unit, in taking over water at the Low Line Canal and delivering the same amount out of its main canal, would be equivalent to the pumping and piping of that amount of water from the lower point to the higher, or the hauling of it there in wagons. A right to such a use of the system cannot be acquired by a condemning of the right to use a small part of the Low Line Canal for the purpose of turning the water of Rock Creek into it, and a small part of the main canal for the purpose of taking out a like amount. Whether appellants could condemn a right to use the whole system for the purpose contemplated is not before us, and need not be decided.

In view of this decision of the second question it becomes unnecessary to pass upon the first.

The judgment of the district court is affirmed. Costs to respondent.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.

(March 31, 1923.)

ON REHEARING.

McCARTHY, J.—A rehearing having been granted, and the case re-examined, we adhere to the original opinion.

Budge, C. J., Dunn, William A. Lee and Wm. E. Lee, JJ., concur.