(No. 5184.  September 26, 1929.)

FRED B. PATTEE and JOSEPH L. PATTEE, Appellants,
v. MARGARET MAHAFFEY and PIONEER BANK &
TRUST COMPANY, a Corporation, and STEPHEN A.
MAHAFFEY, W. C. SHOUP, J. M. McPHERSON and
EMERSON HILL, Respondents.

[280 Pac. 1038.]

L. E. Glennon, for Appellants.

E. H. Casterlin and E. W. Whitcomb, for Respondents.

GIVENS, J.—Appellants sued respondents on an injunction bond for damages as follows: $500 attorney's fees, $13 court costs and $75 for personal expenses of appellants in attending a session of the trial court in an unsuccessful endeavor to have the injunction dissolved.

The trial court directed a verdict in favor of the respondents.

Respondents urge that this action was untimely because there has been no final determination of the main action in which the injunction was issued and that a final determination of the improper issuance of the injunction is a condition precedent to recovery of damages on the bond. (*Dougal v. Eby,* 11 Ida. 789, 85 Pac. 102.)

A writ of prohibition was sued out to this court to restrain the trial court from punishing appellants for contempt of court in not complying with the injunction. The writ was made permanent, the court holding that the injunction should not have issued. (*Daniels v. Adair,* 38 Ida. 130, 220 Pac. 107.)

This was in effect a final determination that the injunction in question was illegal and immediately fixed the liability under the injuncton bond. (*Irwin v. Morrow,* 19 Ala. App. 115, 95 So. 496.) Hence the present action was not premature.

The statute authorizes the recovery of reasonable counsel fees. (C. S., sec. 6772.) The only evidence of the fees in question being reasonable was stricken from the record. Such action by the trial court is not assigned as error. Without such evidence there was nothing for the jury to base a verdict on in this particular. (*Whitney-Central Nat. Bank v. Sinnott,* 136 La. 95, 66 So. 551.) In *Miller v. Donovan,* 13 Ida. 735, 13 Ann. Cas. 259, 92 Pac. 991, 992, there was evidence in the record of the reasonableness of the fee.

'There is nothing in *New Orleans etc. Co. v. Martin,* 105 Miss. 230, 62 So. 228, to indicate there was not such evidence in the record.

Conceding without deciding that personal expenses of a litigant attending a hearing to dissolve an injunction may be recovered as damages on an injunction bond (*Price Baking Powder Co. v. Calumet Baking Powder Co.,* 82 Mo. App. 19; *Helmkampf v. Wood,* 85 Mo. App. 227; *Williams v. Allen,* 21 Ky. Law, 1191, 54 S. W. 720; *Reed v. Brandenburg,* 72 Or. 435, 143 Pac. 989; *Panter v. National Surety Co.,* 36 Cal. App. 44, 171 Pac. 803), there is nothing in the record to show such expenses were herein necessarily incurred. (*President and Trustees, etc., v. Trustees,* 54 Ill. 334.)

The court costs incurred were chargeable against the bond.

The judgment is reversed and remanded, with instructions to the trial court to enter judgment in favor of appellants for $13.

Costs awarded to appellants.

Budge, C. J., and T. Bailey Lee, Wm. E. Lee and Varian, JJ., con :ur.