TOWN OF SUMNER ET AL. V. HENDERSON ET AL.

[76 South, 829, Division A.]

1. OFFICERS. *Trying title to office. Parties. Town.*

The town is not a proper party complainant to a suit by three claimants to oust three others from the office of aldermen and members of the board of school trustees.

2. QUO WARRANTO. *Trying title. Remedy. De facto officers.*

Where defendants were appointed by the Governor to the offices of alderman and members of the board of school trustees and were discharging the duties of such office, this constituted them *de facto* officers, and the only remedy of plaintiffs claiming title to the office was by *quo warranto.*

3. SAME.

An injunction will not be granted to prevent a party from exercising a public office pending proceedings to determine his right thereto.

APPEAL from the chancery court of Tallahatchie county. HON. C. L. LOMAX, Special Chancellor.

Bill by the town of Sumner and others against R. A. Henderson and others. From a decree sustaining a demurrer to the bill, complainant appeals.

The facts are fully stated in the opinion of the court.

*A. H. Stephens* and *R. H. & J. H. Thompson,* for appellant.

The demurrer in this case specifies as to its grounds; First, that there is no equity in the bill. Surely a municipality has an equitable right by injunction to restrain persons from acting in any manner which is calculated to and which will inevitably bring confusion in the municipal affairs and to protect its citizens, and property-owners from danger of being subject to loss. See 2 Dillon on Municipal Corporations (5 Edition), par. 517, p. 840; see copy of par. at end of this brief.

The equity of the bill rests upon the fact that unauthorized persons without the semblance of right are assuming to act as officers of the town. If we be not mistaken the authorities will justify us in stating that this case presents one wherein there is unquestionably an equitable right in the municipality.

The second ground of demurrer asserts that the complainants have an adequate and complete remedy at law, but it is so manifestly not well taken that it needs no argument. What suit at law could the town of Sumner institute against the defendants? No lawyer can answer the juestion and point out a legal remedy, and if a legal remedy can't be pointed out the second ground of demurrer falls to the ground.

The third ground of the demurrer erroneously assumes the recital of several distinct facts, all of which go to show the way in which the defendants' unauthorized conduct will damage the municipality, to be the gist of the bill of complaint. The municipality is seeking but one and a sole remedy, although its right thereto may be established by separate and independent facts, each and every one of the facts showing the necessity for the single relief sought.

*Wells, May & Sanders,* for appellee.

It was conceded at the hearing before the chancellor, that the position of school trustee is an office, but even if it should not be so conceded here, the controversy has been set at rest by our court in the case of *Ellis* v. *Greaves,* 82 Miss. 36, the syllabus of the case reading as follows:

"A trusteeship of a public school is an office within the meaning of Code 1892, section 3520, providing a remedy by *quo warranto* against persons unlawfully holding office.

It thus appears that the questions relating to the administration of the school district are identical with the

116 Miss.—5

questions relating to the administration of the municipality, and may be so treated.

The defendants, being acting officers, as alleged in the bill, and a remedy to test their right to hold these offices being provided and established, and this remedy being adequate and complete and to be administered in a court at law, has a court of chancery jurisdiction over this controversy.

The well settled rule, established by an unbroken chain of decisions, may be stated in substance as follows: "An injunction will not be granted to prevent a party from exercising a public office pending proceedings to determine his right thereto." *Moore* v. *Caldwell,* Freeman's Chancery Rep. 222; Pomeroy's Equity Jurisprudence, Vol. 5, pages 333, et seq.

In the case of *Adams* v. *Bank,* 75 Miss. 701, 23 So. 395, it is held that an officer *de facto* is one who exercises the powers and discharges the functions of an office, being then in possession of the same under color of authority, but without actual right thereto.

If it may be conceded that the three aldermen defendants and alderman Whitten are not rightfully entitled to hold the offices, they are certainly *de facto* officers, it being alleged in the bill that they are in possession of the offices, and being further alleged in the bill what are the functions of these offices. In view of these allegations if they are exercising the powers and discharging the duties, and in view of the general rule above stated, that an injunction will not lie at a suit of a municipal corporation, the claimant to an office, the state, an elector, a tax payer, or any other person, to test the right or title to an office, then the demurrer which forms the basis of the motion to dissolve the injunction is well taken.

Since the bill alleges, first, that the three aldermen defendants and alderman Whitten hold office under color of title by virtue of commissions held by them for these offices and since the bill alleges that the affairs of the

town are being conducted by them, and since the only
ground upon which any relief is sought or could be
asked, is to test the title to these offices, it seems obvious
to us that the only recourse of the appellants herein,
was to test the right or title to these offices by *quo war-
ranto* Sec. 4017, et seq., Mississippi Code 1906; 29 Cyc.
page 1416.

For a full, complete and comprehensive discussion of
the entire subject, see monographic note. *Fletcher* v. *Tut
tle*, 42 Am. St. Rep. 236, 237; *Hagner* v. *Heyverger*, 7
Watts & S. 104, 42 Am. Dec. 220; *Burke* v. *Leland*, 51
Minn. 355; *Cochran* v. *McCleary*, 22 Iowa, 75; *Markle*
v. *Wright*, 13 Ind. 548; *Kilpatrick* v. *Smith*, 77 Va. 347;
*Neiser* v. *Thomas*, 99 *Mo*. 224; *Neeland* v. *State*, 39 Kan.
154; *Guillette* v. *Poincy*, 41 La. Ann. 333; *Prince* v. *City
of Boston*, 148 Mass. 285; *Neeland* v. *State*, 39 Kan. 154;
*Detroit* v. *Board of Public Works*, 23 Mich. 546; *Board
of County Commrs*, v. *Board of School Commrs.*, 77 Md.
283; *Neiser* v. *Thomas*, 99 Mo. 224; *Huels* v. *Hahn*, 75 Wis.
468; *Foster* v. *Moore*, 32 Kan. 483; *McDonald* v. *Rehrer*,
22 Fla. 198; *Markle* v. *Wright*, 13 Ind. 548; *Burke* v. *Le-
land*, 51 Minn. 355; *Hagner* v. *Heyberger*, 7 Watts & S.
104, 42 Am. Dec. 220; *Jones* v. *Commissioners of Gran-
ville*, 77 N. C. 280; *Kerr* v. *Trego*, 47 Pa. St. 292; *Guillette*
v. *Poincy*, 41 La. Ann. 333; *Remmelin* v. *Mosby*, 47 Ohio
St. 570; *Armije* v. *Baca*, 3 N. Mex. 294; *State* v. *Mayor of
Kearney*, 28 Neb. 103; *Remmelin* v. *Mosby*, 47 Ohio St.
570, *Colton* v. *Price*, 50 Ala. 424; *Stone* v. *Wetmore*, 42 Ga.
601; *Delahanty* v. *Warner*, 75 Ill. 185, 20 Am. Rep. 237;
*Sherman* v. *Clark*, 4 Nev. 138, 97 Am. Dec. 516.''

For other authorities see Note 70, page 1416, 29 Cyc,
including the case from our court, *Moore* v. *Caldwell*,
Freeman's Chancery Rep. 222.

We deem it unnecessary to protract this discussion
or to extend a vain parade of authorities holding all one
way.

Sykes, J., delivered the opinion of the court.

The appellees, complainants in this case, filed a bill in the chancery court of the second district of Tallahatchie county against the defendants, asking that the defendants be enjoined from acting as aldermen and members of the board of school trustees. Without stating in detail the allegations of the bill, it is clear that the town of Sumner has two rival sets of claimants for the offices of alderman and members of the board of school trustees. The bill in this case, though claiming that the town of Sumner is a complainant, on its face shows that the mayor and two persons who claim to be aldermen have instituted this proceeding against three other acting aldermen who, with a fourth alderman not joined as either a complainant or a defendant, really comprise a majority of the acting board of mayor and aldermen. In other words the mayor and two claimants to the offices of alderman filed this bill individually, and in the name of the town of Sumner against an equal number of acting aldermen of the town. The bill further shows that these three defendants who are acting as aldermen, in connection with another alderman, constitute a majority of, to say the least, the *de facto* governing body of the municipality, and are administering its governmental affairs.

The bill further shows that the defendants, alleged members of the board of school trustees, are in charge of the school affairs, and are attempting to administer them. In short, the bill shows that the defendants in the case are exercising the duties of aldermen and members of the board of school trustees, respectively; that they are attempting to administer these duties by virtue of alleged illegal appointments to the offices by the Governor. The bill upon its face though signed by the town of Sumner shows that it is an attempt by three members of the board to oust three other members from office. That these three other members, in connection with the fourth mem-

ber not sued, constitute a majority of the board who are acting, as the complainants think, in violation of law. These facts being shown, we do not think the town of Sumner is a proper party complainant to the suit. This suit is an attempt by injunction to try the right and title to the offices of these defendants who are exercising the duties of these offices. The proper remedy is by quo warranto, not by injunction. This would be true, even though the town were a party complainant to the suit. The defendants in this case are in office, fulfilling the duties, and are, to say the least, de facto officers. This being true, the only remedy of complainants is by quo. warranto. "An injunction will not be granted to prevent a party from exercising a public office pending proceedings to determine his right thereto." Moore v. Caldwell, Freem. Ch. 222. The rule is thus stated in Pomeroy's Eq. Jur. vol. 5, section 333: "It is a principle of universal application that an injunction will not issue when its object is to try title to public office."

Section 334, same authority: "For the same reason, an injunction will not issue at the suit of a member of the appointing body to restrain a person alleged to have been illegally appointed; nor at the suit of a taxpayer or elector; nor at the suit of a local body or municipal corporation."

The appointment of these defendants by the Governor, whether legal or illegal, and the performance by them of the duties constitute them de facto officers at least. Adams v. Bank, 75 Miss. 701, 23 So. 395.

The bill in this case also alleged fraud on the part of defendants. There was an answer denying fraud, and a demurrer was then filed to the rest of the bill, which was sustained by the lower court, from which decree this appeal is prosecuted. For the reasons above indicated, we think the court below was correct in sustaining the demurrer, and the decree of the lower court is affirmed.

*Affirmed.*