HAVENS, Sheriff and Tax Collector, v. BROWN et al.

(Division A. May 28, 1923.)

[96 South. 405., No. 23479.]

SCHOOLS AND SCHOOL DISTRICTS. *Decision of board of supervisors deny-ing petitioners for increase in school tax the right to with-draw can be questioned only on appeal to circuit court.*

The correctness of a decision of a board of supervisors denying petitioners, who have signed a petition for an increase in a school tax under chapter 170, Laws 1920, the right to with-draw therefrom, can be questioned only on an appeal to the circuit court, under section 80, Code of 1906 (Hemingway's Code, Section 60).

APPEAL from chancery court of Harrison county.

HON. V. A. GRIFFITH, Chancellor.

Suit by T. R. Brown and others against J. W. Havens, Sheriff and Tax Collector, to restrain defendant from col-lection of school tax. From a decree for plaintiffs, de-fendant appeals. Reversed and dismissed.

*Gardner & Brown* and *White & Ford,* for appellant.

It is not allowable for the same parties who asked for the increase, the increase being allowed and fixed upon their petition, to thereafter make a complete change of front and thereby do away with the increase. The order of the board in November, making this increase, was final in so far as that act was concerned, and the mere ministerial act of figuring up the amount of the levy could be deferred to a subsequent term, and of course under section 253 of the Laws of 1920, section 3708, Heming-. way's Supplement, the board could defer this making of the levy to later than the November term. But it is seen that the order of November 7th, fixed the amount of the levy at an increase of ten mills.

The matter of passing on the question of who were, or

who were not qualified electors, and the necessary number thereof, was a matter that was vested within the exclusive jurisdiction of the board of supervisors and an order of the board on that matter was final unless appealed from. It is clear that the chancery court has no power to canvass a proceeding of this kind, which is in the nature of an election. This has been well established by the decisions of this court. *Hinton* v. *Perry County,* 84 Miss. 536."

The board of supervisors, at its November meeting, heard and considered the petitions for and against the proposed increase, and found—and decided—that the petitions for the increase contained the names of a majority of the qualified electors of the Wood Consolidated School District, and by its order of November 7, 1922, the petitions for the increase were approved and granted. And no appeal was taken from this action of the board of supervisors by anyone. Their judgment. like that of any other court having exclusive jurisdiction over the subject-matter, and the person to be affected, must be treated as final and conclusive until reversed or vacated in some mode known to the law. *Carroll* v. *Board of Police of Tishomingo County,* 28 Miss. 48-49; *Keenan* v. *Harkins,* 82 Miss. 709. See also *Mullins* v. *Shaw,* 77 Miss. 909, where it was sought unsuccessfully to contradict the record of the board of supervisors by parol testimony.

Furthermore, the suit to enjoin was unwarranted, for complainants had a complete and adequate remedy at law. Their proper remedy was by appeal, and it was only through their own laches that this right was lost. Section 81 of the Code of 1906; *Kuhn Bros.* v. *Warren County,* 98 Miss. 879; *Deberry* v. *Holly Springs,* 35 Miss. 385; *Anderson* v. *Ingersoll,* 62 Miss. 74. See also *Robinson* v. *Board of Supervisors,* 107 Miss. 352. The granting of the injunction in this cause restraining the tax collector from collecting the tax or from advertising the property for sale, without a bond of any sort or kind, stands alone in

the jurisprudence of this statute. Section 6122, Code of 1906. It is a condition precedent to the issuance of such an injunction that a bond be first given, conditioned as provided by the statute, and an injunction otherwise issued is void. *Railroad* v. *Adams, Revenue Agent,* 73 Miss. 648; *Castleman* v. *State,* 94 Miss. 609; *Tillman* v. *Heard,* 95 Miss. 238.

*U. B. Parker* and *Mize & Mize,* for appellees.

If the order of the board of supervisors, making its levy, must itself affirmatively show jurisdiction, which fact it certainly does not show, then the defendant's contention must fail without further argument. *Evans et al.* v. *Wright, et al.,* 126 Miss. 703, 89 So. 226; *Boliver County* v. *Coleman,* 71 Miss. 832, 15 So. 107; *Adams Revenue Agent* v. *Bank,* 103 Miss. 744, 60 So. 770; *Boutwell* v. *Board of Supervisors,* 128 Miss. 337, 91 So. 12.

Since the board had not acted upon the petition and made the levy, it was the duty of the board to permit the twenty-four petitioners to strike their names from the petition praying for the increase, and to count them against said increase. Opinions of Attorney General, 1911-1913, p. 75; Same 1917-1918, p. 39-40; *Board of Supervisors of Simpson County* v. *Walker,* 89 So. 260; *Price* v. *Simms,* 116 Miss. 687, 77 So. 649.

At the time the board acted in this matter, concededly on December 7, 1922, there was no petition on file from a majority of the qualified electors of the district. The petitioners whose names appeared on the petition on December 5th certainly had a right to take their names from the petition up until the time the board acted upon the subject-matter. If the qualified electors had the right to withdraw their names and petition against the levy on December 5th, two days before the levy was made, the board of supervisors had no jurisdiction to pass the order, and the chancery court will enjoin. *Adams, Revenue Agent,* v. *Bank,* 103 Miss. 744, 60 So. 770; *Evans* v. *Wright,* 126 Miss. 703, 89 So. 226.

Complaint is made because the final decree does not require a bond. Both the section of the code and the decision cited refer to temporary injunction. No bond is required on a final decree. We respectfully submit that the final decree in this cause was eminently correct, and that the case should be affirmed.

*Gardner & Brown* and *White & Ford,* for appellant, in reply.

It is contended by appellees that if the orders of the board of supervisors fail to show the jurisdictional facts, the proceeding is void and cases are cited to that effect. The cases cited by appellees show that all jurisdictional facts are present in this case. It is assumed by counsel throughout that the board of supervisors had not acted on the increase before the petition was filed asking that certain names be eliminated. The board acted in November when appellees were supporting the increase and the petition was filed long afterwards in which they sought to back up.

Appellee asks what order he should have appealed from. He contends the order fixing the amount of the levy was the final order. If so, that was the order to appeal from, and if it was not the final order, then the order of November 7th, was the final order. Counsel actually now say the order they designate as the final order could not be appealed from and say it was not the final order. Utterly inconsistent. Also appellees could have appealed from the order of the board refusing to strike their names from the petition. There were plenty of orders they could have appealed from. But counsel cannot say the order of December 7th was the final order in so far as fixing the levy was made and say it was not the final order for the purpose of appeal. It is contended that although the statute provides no injunction shall issue without bond, that the legislature did not mean what it said and asks the court to engraft exceptions on the statute.

SMITH, C. J., delivered the opinion of the court.

The appellees sued out an injunction in the court below against the appellant, restraining him from the collection of a school tax, and from a decree pursuant to the prayer of the bill the case has been brought, by the appellant to this court.

The tax to be enjoined was levied by the board of supervisors for the support of a consolidated school district under the provisions of chapter 170, Laws of 1920, and was an increase of ten mills over the tax of the previous year. An order of the board of supervisors, entered at its November term, 1922, recited the filing of a petition, signed by the necessary number of qualified electors of the district, praying for the increase of the tax, and "that said petition for said increase of said levy be and the same is hereby granted and approved, and that such levy of taxes be made for such purpose in said school district, which said levy shall be made at a later day of this meeting of this board." At the same meeting the board also entered the following order:

"Be it remembered that at the above-stated term of the board of supervisors of said county an order was made by said board which was in the following words and figures, to-wit: 'It having been brought to the attention of this board that there are certain petitions of electors in certain school districts praying this board to increase the tax levy for school purposes in said districts, which petitions are in the hands of county school board of this county, and which said petitions have not been acted upon by said school board, and it appearing to this board for the above reason, and for other good and sufficient cause shown, that it would be to the best interest of Harrison county that action by this board with reference to the fixing of the tax levy of this county for all purposes be deferred until the December, 1922, meeting of this board, it is ordered by the board that action by this board with ref-

erence to the fixing of the tax levies for all purposes in Harrison county for the fiscal year 1922 be deferred until the December, 1922, meeting of this board.'"

Afterwards a petition was filed by a number of qualified electors of the district, among whom were the appellees herein, requesting the board to eliminate their names from the petition praying for the increase in the tax. This the board declined to do, on the theory that it had adjudicated the matter of levying the tax at the October term, and was without power at a subsequent meeting to modify or rescind the order then made. The board then by regular order levied the taxes for the coming year, including the school tax here in question. No appeal to the circuit court was taken by any one from any of the orders of the board hereinbefore referred to.

The right of the appelees to withdraw from the petition praying for the increase in the school tax here in question was for the determination of the board of supervisors, subject to the review on appeal to the circuit court under the provisions of section 80, Code of 1906 (Hemingway's Code, Section section 60). And since the appellees did not appeal from the orders of the board by which they were refused the right to withdraw from the petition and the tax levied, they cannot now complain thereat. And since the orders of the board levying the tax are otherwise valid, the collection of the tax cannot be restrained by injunction. Reversed, and bill dismissed.

*Reversed and dismissed.*