## RENALDO *et al. v.* LAMAS.*

(Division A.   June 11, 1928.)

[117 So. 528.   No. 27223.]

*Corpus Juris-Cyc. References: Injunctions, 32CJ, p. 476, n. 9; p. 477, n. 24.

*J. M. Cashin* and *Ernest Kellner, Jr.,* for appellants.

*Wynn & Hafter,* for appellee.

SMITH, C. J. On April 14, 1927, Renaldo and Byrd recovered judgments against Lamas in separate suits before a justice of the peace. The time for an appeal to the circuit court from these judgments having expired, executions were issued thereon, and placed in the hands of the sheriff.

Lamas then sued out an injunction against the sheriff and the justice of the peace, restraining the sheriff from selling his property under the executions, and directing the justice of the peace to approve bonds for an appeal, to the circuit court, executed by him therefor. The ground on which the prayer for the injunction was based is of no consequence, as will hereafter appear, and therefore will not be set forth.

When the cause came on to be heard, the injunction was dissolved, and the suit was dismissed. The appellants filed, with their motion to dissolve the injunction, a claim for the allowance of damages in the form of counsel's fees for the wrongful suing out of the injunction.

The court below declined to allow counsel's fees, but allowed damages, under section 623, Code of 1906 (section 397, Hemingway's 1927 Code) which provides that:

"When an injunction, obtained to stay proceedings on a judgment at law for money, shall be dissolved, in whole or in part, damages at the rate of five per centum shall be added to the judgment enjoined, or to so much thereof as shall be found due, including the costs."

The damages allowed were less than the amount to which the appellants would have been entitled as counsel's fees, and, being dissatisfied therewith, they have brought the case to this court.

This statute applies when the only relief sought by the injunction is to restrain proceedings on a judgment at law for money. But such is not the case here. Restraining proceedings on the judgments was a mere incident to the purpose which the appellees sought to accomplish by the injunction, which was to force the justice of the peace to approve appeal bonds which would supersede the judgments, and allow the appellees to have the cases in which the judgments were rendered tried *de novo* in the circuit court. The appellants were therefore entitled to recover counsel's fees.

The record does not disclose that any evidence was introduced on the appellants' claim for damages; and they are, of course, not entitled thereto unless damages have been, in fact, sustained by them. The record does disclose, however, that counsel appeared and represented the appellants at the trial. From which it will be presumed, in the absence of evidence to the contrary, that the appellants incurred liability to them for the reasonable value of the services rendered by them. *School Directors* v. *Trustees of Schools*, 66 Ill. 247. The services rendered by counsel consisted in the filing of pleadings, and in presenting the appellant's case to the chancellor, all of which were known to the chancellor, and from which, in the absence of other evidence, he was authorized to determine the value of the services rendered. *N. O., M. & C. R. R. Co.* v. *Martin,* 105 Miss. 230, 62 So. 228. Compare *Humphreys County* v. *Cashin,* 128 Miss. 236, 90 So. 888.

The decree of the court below will be reversed in so far as it fixes the amount of damages to be awarded, and the case will be remanded for the purpose only of determining the amount of the appellants' damages.

*Reversed in part, and remanded.*