LACEY *v.* NOBLIN, et al.

No. 41414          March 7, 1960          118 So. 2d 336

330

*Strong & Smith,* Louisville; *L. W. Brown,* Starkville, for appellant.

*Jack B. Carlisle,* Ackerman, for appellees.

ETHRIDGE, J.

Appellant, Robert H. Lacey, sought by his bill of complaint, in the Chancery Court of Choctaw County, to try the right to a public office by a bill for injunction, rather than a quo warranto proceeding. The chancellor sustained a general demurrer to it.

The defendants, appellees, are Thomas D. Wills and three other Commissioners of the Choctaw County Soil Conservation District, and C. B. Noblin, manager of the project. The bill avers that in 1946 the Winston and Choctaw County Soil Conservation Districts agreed to cooperate in the operation of certain lands in both counties, and to elect an Executive Committee of three commissioners, rotating the numerical membership from each district. Complainant Lacey, a Commissioner of the Choctaw District, was elected a member of the Executive Committee for three years, but several weeks later, after he began performance of his duties, the remaining commissioners of the Choctaw County District, without any right or authority, attempted to revoke Lacey's election to the Executive Committee. In concert with Noblin, the defendants "have refused to permit the said Robert H. Lacey to perform his duties as such and have attempted, without any authority or right, to substitute Thomas D. Wills as a member of the Executive Committee in the place and stead of the said Robert H. Lacey." The Choctaw County Commissioners contended the selection of an Executive Committeeman from that county is the function of the Choctaw Commissioners, although Lacey claims he should be elected by the joint boards. As a result of defendants' actions, "the complainant is being illegally deprived of his rights

and of compensation due him." The project is a public institution which complainant charges "is now operating without a legally constituted Executive Committee." The bill prayed for an injunction restraining defendants from further interference with Lacey's serving in the office of Executive Committeeman, and directing defendants to pay complainant for his services rendered previously and to be rendered in the future.

The chancellor, after a hearing, ordered a temporary injunction issued, which was done, and required complainant to post $500 bond. Defendants filed a general demurrer, on the ground that complainant had an adequate remedy by quo warranto. The demurrer was sustained and the injunction dissolved. The bill was dismissed without prejudice to complainant's right to file other proceedings.

■■ ■ The chancery court was correct in sustaining the demurrer. It is well established that a bill for injunction will not lie to try the right and title to a public office, but the proper remedy is by quo warranto. Miss. Code 1942, Secs. 1120-1145; Town of Sumner v. Henderson, 116 Miss. 64, 76 So. 829 (1917); Yates v. Summers, 177 Miss. 252, 170 So. 827 (1936). The only exception to this general rule was stated but not applied in *Yates*. ■■ ■ An injunction will be granted at the instance of an incumbent of office to restrain a claimant from interfering with him, but the incumbent must show that (a) he has possession of the office, and (b) the prima facie right to occupy it, or there is no other person authorized by law to hold it. Yates v. Summers, 177 Miss. at 267. ■■■ The office in question here is a public office within the meaning of the foregoing rules. Miss. Code 1942, Secs. 4940-4958.5.

■■ ■ The averments of the bill do not bring appellant within the exception to the rule. Appellant charges that Wills has been substituted by defendants as a member of the Executive Committee in his place, and he is

being illegally deprived of his rights and compensation due him. Clearly these allegations reflect that Wills, not Lacey, is in possession of the office and performing the duties of it, whether rightfully or wrongfully. Hence appellant is not within the exception.

■■■ Defendants filed a suggestion of damages, for attorney's fees and expense money of $150 paid to Lacey as required by the temporary injunction. The final decree awarded Attorney's fees of $100, and ordered Lacey to refund to the Districts the $150 of compensation or expense money he drew from the District as a result of the temporary injunction. The record does not disclose that any evidence was introduced on the appellees' claim for damages. As to attorney's fees, such evidence was not necessary, since the chancellor was fully competent to determine the value of such services. Moss v. Miss. Live Stock Sanitary Board, 154 Miss. 765, 122 So. 776, 782-783 (1929); Renaldo v. Lamas, 151 Miss. 207, 117 So. 528 (1928).

■■■ However, appellees offered no evidence as to the amount of compensation or expense money received by appellant while the temporary injunction was in force, and there was no stipulation as to that sum. They should have moved for permission to offer evidence on those claimed damages. Appellees are not entitled to such damages unless they are proved. Renaldo v. Lamas, *supra;* Griffith, Miss. Chancery Practice, (2d ed. 1950), Secs. 458-465; 43 C. J. S., Damages, Sec. 300(b). It was therefore error to award damages of $150 to appellees, without evidence in support of it.

■■■ Appellees' motion for allowance of attorney's fees on appeal is sustained and they are fixed at $50, which is one-half of the $100 fee allowed by the trial court. Yates v. Summers, 177 Miss. at 271.

The decree of the chancery court is affirmed in part, in sustaining the demurrer to the bill and dismissing it, and awarding attorney's fees. The decree is reversed

in part, only as to the award of $150 damages to appellees, and the cause is remanded solely for determination of that issue. Appellees' motion for attorney's fees on appeal is sustained, and allowed for $50. The judgment of this Court will assess court costs in the following proportions: ¾ to appellant, ¼ to appellees.

Affirmed in part, and reversed in part and remanded on issue of damages for compensation received by appellant under temporary injunction. Motion of appellees for attorney's fees on appeal sustained.

*McGehee, Hall, Holmes* and *Gillespie, JJ.,* concur.