558 So.2d 1383 (1990)
Robert MOORE
v.
Alix H. SANDERS, et al.
No. 07-CA-58591.
Supreme Court of Mississippi.
March 14, 1990.
Willie J. Perkins, Sr., Greenwood, for appellant.
James W. Burgoon, Jr., Fraiser & Burgoon, Greenwood, for appellees.
En Banc.
BLASS, Justice, for the Court:

I.
Appellant Robert E. Moore was elected to the County Board of Supervisors from District 2, Leflore County, Mississippi on April 15, 1986, in a special election held under the federal court ordered supervisor redistricting plan in James Moore, et al vs. Leflore County, Miss. et al, No. GC83-249-WK-O, N.D.Miss. A complaint was filed with the Board of Supervisors on December 1, 1986, by the Election Commissioner of District 2, alleging that Moore had moved out of District 2.
On January 20, 1987, Moore instituted suit in the U.S. District Court for the Northern District of Mississippi, in Cause No. GC87-7-S-O, for injunctive relief to prohibit the Board of Supervisors from acting on the complaint. The District Court issued a Temporary Restraining Order, on January 20, 1987. After a hearing, before Honorable L.T. Senter, the District Court issued a Memorandum Opinion and Order, on March 4, 1987, dismissing Moore's complaint under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c; and abstaining from exercising jurisdiction over the issue of the removal from office under the authority of Railroad Commission v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).
At a regular meeting on March 16, 1987, the Board of Supervisors considered the complaint; conducted a full evidentiary hearing, at which Moore was represented by counsel; ruled that Moore was no longer a resident of District 2; and declared the office vacant. The proceedings were recorded. Based on the evidence presented at this hearing, the Board found that Moore had removed himself from District 2 and established his residence at 2201 West *1384 Taft St. Greenwood, MS., a residence outside of District 2.
Moore filed a complaint for injunctive relief with the Chancery Court of Leflore County on March 20, 1987. The petition was denied after a hearing on March 25, 1987. Moore filed an application to certify an interlocutory appeal on March 27, 1987, which was denied by the Chancery Court, on March 30, 1987. This ruling was appealed to the Mississippi Supreme Court and denied without prejudice on April 9, 1987. The Chancery Court's final order denying Moore's request for injunctive relief was filed on July 16, 1987. From this decision Moore appeals assigning the following errors:
1. That the trial court erred in its decision that the Defendants Leflore County Board of Supervisors and Officials had authority pursuant to Section 25-1-59 of Miss.Code Annotated (1972), to make a factual determination as to the residency of a board member and to order the office vacant;
2. That the trial court erred in its refusal to grant a preliminary injunction in favor of the appellant; and
3. That the trial court erred in its exclusion of certain evidence tendered by the testimony of Mr. Robert Walker and Mr. Bennie Thompson and the testimony of adverse witness, Defendant W.R. Webb.
The Board of Supervisors contends that the real issue in this case is whether the Chancery Court has jurisdiction when there are adequate remedies at law available, specifically appeal of the decision to the Circuit Court under Miss. Code Ann. § 11-51-75 (1972).
Finding that Moore had adequate remedy at law, we affirm the denial of injunctive relief. As this finding is dispositive, we address only this issue.

II.
After conducting a full evidentiary hearing at which Moore was represented by counsel, the Board of Supervisors adopted several facts, summarized below, by a four to one vote as relevant to the residency of Robert E. Moore (the only dissenting supervisor was Robert E. Moore).
In sworn testimony in two causes, on September 16 and November 4, 1986, Robert E. Moore stated that he was living at 2201 West Taft St., Greenwood, Mississippi. This residence is outside of District 2. By affidavit dated August 9, 1986, in Justice Court of Leflore County, Mississippi, Moore stated that his address was 2201 West Taft St. In his affidavit dated December 8, 1986, filed with the Board of Supervisors, Moore, stated that he started staying at 2201 West Taft St. more on a regular basis since May, 1986. He had a utility connection in his name at 2201-1/2 West Taft Avenue. Moore's address was listed on his voter's card in the office of the Circuit Clerk of Leflore County as being 2201 West Taft. In his November, 1983, Petition for Qualification for Supervisor, District 3 (three), the address of Robert E. Moore was listed as 2201 W. Taft Street. He had been seen at 2201 West Taft St. under circumstances which would support the conclusion that he was actually residing there. On August 9, 1986, Lula B. Moore, wife of Robert E. Moore, filed a sworn Affidavit in Justice Court in Leflore County, Mississippi, stating that Moore's address was 2201 West Taft St. Moore failed to offer or produce any satisfactory evidence of his alleged residence in District 2.
The Final Order of the Chancery Court, denying Moore's petition for an injunction, states that the denial of the Temporary Restraining Order was based on a finding that the Board of Supervisors had authority to make a factual determination under Miss. Code Ann. § 25-1-59 as to Moore's residency.
The statutory remedy by which Moore could have challenged the finding of the Board of Supervisors was to appeal the Board's decision as provided in Miss. Code Ann. § 11-51-75 which states in pertinent part:

*1385 Any person aggrieved by a judgment or decision of the board of supervisors, ... may appeal within ten (10) days from the date of adjournment at which session the board of supervisors ... rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors ... The clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment. If the judgment be reversed, the circuit court shall render such judgment as the board ... ought to have rendered, and certify the same to the board of supervisors ...
The comments to Miss.R.Civ.P. 65 state that the circumstances in which a preliminary injunction may be granted are not prescribed by the rules, but remain a matter of the trial court's discretion, exercised in conformity with traditional equity practice. Under the traditional practice, plaintiff bears the burden of showing the prerequisites for obtaining the extraordinary relief of preliminary injunction. Sierra Club v. Bergland, 451 F. Supp. 120 (N.D.Miss. 1978). Inadequacy of the remedy at law is the basis upon which the power of injunction is exercised. V. Griffith, Mississippi Chancery Practice, § 434 (2 ed. 1950). Injunction will not issue when the complainants have a complete and adequate remedy by appeal. Id. § 436. Miss. Code Ann. § 11-51-75 provides that any person aggrieved by a decision of the board of supervisors may appeal to the circuit court. This is an adequate remedy at law, which Moore in fact pursued. Moore v. Sanders, et al, No. 07-059516 (Miss. filed Oct. 21, 1988). See Havens v. Brown, 132 Miss. 747, 96 So. 405 (1923) (Appellees sought an injunction restraining the collection of a school tax fixed by the board of supervisors. In denying injunctive relief, the court noted that no appeal to the circuit court, as provided by statute, was taken); Biloxi-Pascagoula Real Estate Board v. Miss. Regional Housing Authority, 231 Miss. 89, 94 So.2d 793 (1957) (Suit to enjoin housing authority from constructing public housing was dismissed as a collateral attack on a board resolution from which no appeal was taken); Stone, State Tax Comm. v. Kerr, 194 Miss. 646, 10 So.2d 845 (1943) (Injunctive relief denied where statute provides that the circuit court shall have jurisdiction in an action to recover any tax improperly collected).
It is clear that the statutory method of appeal to the circuit court afforded Moore a plain, adequate, speedy, and complete remedy for a judicial determination of his right. Therefore the action of the chancery court in denying Moore's request for injunctive relief is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
HAWKINS, P.J., dissents.
PITTMAN, J., not participating.
HAWKINS, Presiding Justice, dissenting:
Hapless Mr. Robert Moore, supervisor of district 2 of Leflore County, had his office declared vacant by the remaining board members upon their determination he was not a resident of his district, a factual determination he vigorously disputed. The board acted pursuant to Miss. Code Ann. § 25-1-59.[1]
*1386 Mr. Moore sought injunctive relief in the chancery court which was denied, the chancellor finding that while Miss. Code Ann. § 25-1-59 did not specifically authorize the board to make a factual determination of his residence and declare a vacancy, this authority was implied, because under another statute (Miss. Code Ann. § 23-15-839) there is a duty imposed upon a board of supervisors to make an interim, temporary appointment whenever there is a vacancy in a county office.[2] The majority has affirmed, upon the basis that Moore had a complete and adequate remedy at law by appealing the board's decision by a bill of exceptions to the circuit court. Miss. Code Ann. § 11-51-75.[3]
Did the board of supervisors have the authority to make a factual determination that Mr. Moore had moved out of district two and thereby vacated his office, as held by the chancellor? And, did Mr. Moore have a complete and adequate remedy at law as announced by the majority, thereby foreclosing injunctive relief in chancery court?
Before these questions can be comfortably answered in the affirmative, it is necessary to ask another question, one I believe neither the chancellor nor the majority considered.
The question is: if there is an effort to remove a duly elected county official to a constitutionally-created office because it is alleged he is no longer a resident of the political subdivision he serves, an allegation with which he is in rather strenuous disagreement, is the official at least entitled to have the judicial branch of government make this factual determination?
One would think it rather elementary that the answer to this question must be in the affirmative. If a judgment cannot be rendered against any man upon such a simple matter as an open account, a promissory note, or a bent fender in a motor vehicle collision except by some court of law, how much more reason for a public official, and indeed the majority of the electorate who put him into office, entitled to have an impartial judge, unaffected by political persuasion or multiple conflicts of interest, make the factual inquiry and determination whether by some act he has become disqualified to continue in office.
If he is entitled to this minimum protection, then manifestly a circuit court limited to examining a bill of exceptions is not adequate. A circuit court examining a bill of exceptions is an appellate function. Footnote 3, supra. The court must take *1387 the facts set out in the bill of exceptions, frequently before a board without even stenographic assistance. This is a long ways from a circuit court conducting a trial. See: Talley v. Board of Supervisors of Smith County, 323 So.2d 547 (Miss. 1975); Thornton v. Wayne County Election Comm., 272 So.2d 298 (Miss. 1973); Stewart v. Pascagoula, 206 So.2d 325 (Miss. 1968); Board of Supervisors Clay County v. McCormick, 207 Miss. 216, 42 So.2d 177 (1949). A circuit court hearing on a bill of exceptions is no more of an adequate substitute for a trial than a slice of bread is a substitute for a meal.
I grant that there is a statutory procedure without resort to determination by a court of law whereby a board may, following a vacancy occurring in a county office such as that caused by death or the unquestioned moving from the state of the official, in the latter instance the official usually voluntarily resigning the office. Miss. Code Ann. § 23-15-839. But where there is a dispute, with the official hotly insisting he has done nothing to cause his removal, the statute does not come into effect until a court of law has held the incumbent has no right to the office.
In such instance there is an adequate remedy at law for the state, and that is by a quo warranto proceeding. This is simple, effective and judicial.[4]
According to Miss. Code Ann. § 25-1-59, when a public official moves out of the political subdivision to which he has been elected "such office shall thereby become vacant and the vacancy be supplied as by law directed." He has no right following such removal to continue in office, or perform his duties of or collect the salary from the office. If he attempts to do so, then he most assuredly becomes a proper subject of a circuit court proceeding. This statute triggers such cause of action. Jones v. State ex rel. McFarland, 207 Miss. 208, 42 So.2d 123 (1949).
Quo warranto is the appropriate proceeding in which to determine this right or title to a public office, and to oust an incumbent who is unlawfully holding the same. State ex rel. Smith v. Morgan, 361 So.2d 338 (Miss. 1978); State ex rel. Patterson v. Land, 231 Miss. 529, 95 So.2d 764 (1957), suggestion of error overruled 231 Miss. 529, 96 So.2d 828; State ex rel. Livingston v. Bounds, 212 Miss. 184, 54 So.2d 276 (1951); Jones v. State, supra; Hood v. Cruso, 179 Miss. 234, 174 So. 552 (1937), suggestion of error overruled, 173 So. 167; State ex rel. Parks v. Tucei, 175 Miss. 218, 166 So. 370 (1936).
Indeed, this Court has held, and it is the law generally, that when the remedy of quo warranto is available, it is the exclusive remedy. Even the chancery court has no business to hear such a matter. In Lacey v. Noblin, 238 Miss. 329, 118 So.2d 336 (1960), Mr. Lacey sought by a bill of complaint for an injunction in chancery court to try the right to a public office. The chancellor sustained a demurrer to the bill, and this Court affirmed:
The chancery court was correct in sustaining the demurrer. It is well established that a bill for injunction will not lie to try the right and title to a public office, but the proper remedy is by quo warranto. Miss.Code 1942, Secs. 1120-1145 [§§ 11-39-1  11-39-3 1972 Code]; *1388 Town of Sumner v. Henderson, 1917, 116 Miss. 64, 76 So. 829; Yates v. Summers, 1936, 177 Miss. 252, 170 So. 827... .
238 Miss. at 333, 118 So.2d at 338. Also, Spencer v. Mayor and Board of Aldermen of Yazoo City, 215 Miss. 160, 170, 60 So.2d 562, 565-566 (1952), in which this Court held a bill of exceptions could not serve the function of a quo warranto proceeding. Also, McKenzie v. Thompson, 186 Miss. 524, 191 So. 487 (1939).
The only circumstance in which this Court has recognized another method of removing a public official than by quo warranto was conviction in circuit court of misconduct in office, and the judgment of conviction carries with it his removal from public office. Cumbest v. Commissioners of Election, 416 So.2d 683 (Miss. 1982); Bucklew v. State, 192 So.2d 275 (Miss. 1966). Under this circumstance, however, Section 175 of the Mississippi Constitution, a self-executing provision, mandates his removal.
74 C.J.S. Quo Warranto, § 4, p. 179, states:
In the absence of constitutional or statutory regulations providing otherwise, quo warranto proceedings are the only proper remedy in cases in which they are available. Thus quo warranto, or a proceeding in the nature thereof, is the sole and exclusive remedy and method by which various matters may be tried and determined, as, for example, the right and title to office... .
* * * * * *
Dispute as to facts. According to some decisions quo warranto lies only when the facts are in dispute, as considered infra § 6, and it is the exclusive remedy when the relief sought is of such nature as otherwise to warrant the use of the remedy.

See also, Coulter v. Reese, 261 Ala. 660, 75 So.2d 608, 610 (1954); and State ex rel. Booth v. Byington, 168 So.2d 164 (Fla.App. 1964), aff'd 178 So.2d 1, wherein the Alabama and Florida courts hold that where quo warranto is available it is the exclusive remedy.
65 Am.Jur.2d Quo Warranto, § 7, p. 235 states:
The generally accepted and recognized rule is that in the absence of statutory provisions to the contrary, quo warranto proceedings are the only proper remedy in cases in which they are available. Thus, where the remedy by quo warranto is available, it is usually held that there is no concurrent remedy in equity, unless by virtue of statutory provision.[5]
If courts generally hold that when the remedy of quo warranto is available, no other court may grant such relief, and indeed the court which does have subject matter jurisdiction cannot hear such matter except by a quo warranto proceeding, it follows, at least in my mind, that a board of supervisors cannot validly hold a proceeding in the nature of a quo warranto.
Quo warranto is a circuit court proceeding, and one which, it must be observed, affords an effective and efficient manner to promptly address the validity of a person's claim to office. Indeed, when brought upon the relation of the Attorney General or district attorney, the respondent has the burden of showing his entitlement to the office. State ex rel. Smith v. Morgan, 361 So.2d 338, 340-341 (Miss. 1978); State v. Land, 231 Miss. 529, 95 So.2d 764 (Miss. 1957); Jones v. State, 207 Miss. 208, 42 So.2d 123 (1949).
While we are not called upon to address the issue in this case, I would perceive grave constitutional difficulties in a statute which did specifically authorize the board of supervisors of a county to conduct a proceeding in the nature of a quo warranto on a county official and declare his office vacant. This Constitution only authorizes the Legislature to empower the Governor *1389 to remove some official from office. Miss. Const. Art. V, § 139:
Section 139. The legislature may empower the governor to remove and appoint officers, in any county or counties or municipal corporations, under such regulations as may be prescribed by law.
I do not read anything in this section authorizing a board of supervisors to make such determination.
Because I question whether a statute giving a board of supervisors specific authority to conduct a hearing and declare an office vacant would pass constitutional muster, I find it difficult to fathom, as did the chancellor, some implied authority in the board to make such factual determination. Because a proceeding in the nature of quo warranto is such a simple and expedient matter to determine the right of a public official to his office, it seems an anomaly to me this route was not chosen by the Leflore County board.
I have been speaking of quo warranto for simplification, but it should be pointed out that the Mississippi Rules of Civil Procedure have supplanted the statutes as to rules of practice and procedure pertaining to quo warranto, and under the Mississippi Rules any such relief is obtained by motion or actions specifically seeking such relief. Appendix B, MRCP "Quo Warranto 11-39-1 through -61." And, while I have no doubt that either the Attorney General or district attorney would have lent his name to a proceeding in the nature of a quo warranto in circuit court in this case, it should also be pointed out this would have been unnecessary under this Court's holding in Dye v. State ex rel. Hale, 507 So.2d 332, 337-338 (Miss. 1987). In that case, rather than inquire whether the Attorney General should have been the relator, we considered the "standing" of the legislator relators to sue. If two state senators had standing to challenge the Lieutenant Governor's exercise of powers, then surely the remaining board members of a board of supervisors have standing to seek judicial determination whether Mr. Moore had vacated the office by moving out of the district.
Whatever else might be said about this Court's adoption of MRCP, it was certainly never intended to abolish or limit the remedy of quo warranto itself in circuit court by whatever name it might be called, or to expand or limit any court's jurisdiction to hear such matter. To the contrary, the entire purpose of the rules is to facilitate the statutory remedies available. There is nothing about our adoption of the Rules to suggest our prior decisions holding the chancery court was an inappropriate place to hear a proceeding in the nature of quo warranto were overruled, Lacey v. Noblin, supra. It would be usurpation on the part of this Court to attempt to grant jurisdiction to a court to hear a matter not provided for either by legislative enactment or our Constitution. Most assuredly our Rules did not attempt to confer specifically or by implication authority upon a board of supervisors to conduct a trial in the nature of a quo warranto.
If a board of supervisors under Miss. Code Ann. § 25-1-59 has the authority to conduct a hearing and remove a board member, it can with equal authority remove a circuit clerk, chancery clerk, sheriff, or county superintendent of education. I should think the county officials in 81 counties will take this news uneasily.
Historically and by ancient precedent, quo warranto has been the appropriate method to try the right of a public official to hold the office. This is a proceeding which has served its purpose well. When this remedy is available, courts have been unwilling to permit substitutes.
In Smith v. Dillon, 267 App.Div. 39, 44 N.Y.S.2d 719, 722-723 (1943), the New York Supreme Court noted:
Quo warranto is a common law remedy. Its origin is obscured by antiquity and little is known thereof save that the writ came into existence at some unascertained period early in the history of that system. The ancient writ of quo warranto was a high prerogative writ of right for the King against one who usurped, misused, or failed to exercise some office or franchise. It is the remedy or proceeding *1390 by which the sovereign or State determines the legality of a claim which a part asserts to the use or exercise of an office or franchise and ousts the holder from its enjoyment if the claim is not well founded or if the right to enjoy the privilege has been forfeited or lost. 44 N.Y.S.2d 722.
* * * * * *
[Q]uo warranto ... will lie only where the party proceeded against is either a de facto or a de jure officer in possession of the office. In addition the writ only lies when the facts are in dispute. 44 N.Y.S.2d at 723. [Emphasis added]
In Kessler, et al. v. Silleck, 57 N.Y.S.2d 327 (1945), suit was filed to obtain an injunction against payment of salary of the town's tax assessor, who it was claimed did not legally hold the office, because he did not own realty in the town, a prerequisite of a statute for qualifications of an assessor.
The Court held the petitioners had sought an improper remedy because the official's "title to office depends, not upon admitted facts ... but upon disputable and extraneous facts." And, "Under the circumstances where shown, the questions of fact should be tried in quo warranto." 57 N.Y.S.2d 328.
The New York court's holdings are in accord with ours. Lacey v. Noblin, supra.
In my view the board of supervisors had no authority to make a factual determination Mr. Moore was not a resident of supervisor's district number two over his protest, and thereupon declare his office vacant, and the chancellor erred in dismissing the petition for injunctive relief. Neither did an appeal to circuit court by a bill of exceptions afford complete and adequate remedy for the board's actions against him. I would reverse and remand this cause to the chancery court for appropriate injunctive relief, or enter judgment here that the board proceedings were a nullity.
I therefore respectfully dissent.
NOTES
[1] The pertinent portion of this statute reads:

§ 25-1-59. Vacancy by removal or default.
If any state, district, county, county district, or municipal officer during the term of his office shall remove out of the state, district, county, or municipality for which he was elected or appointed, such office shall thereby become vacant and the vacancy be supplied as by law directed.
[2] Miss. Code Ann. § 23-15-839 in pertinent part reads:

§ 23-15-839. Appointments to fill vacancies in the county or district offices; special election procedures; procedure where only one person has qualified for candidacy in special election.
When a vacancy shall occur in any county or county district office, the same shall be filled by appointment by the board of supervisors of the county, by order entered upon its minutes, where the vacancy occurs, or by appointment of the president of the board of supervisors, by and with the consent of the majority of the board of supervisors, if such vacancy occurs when said board is not in session, and the clerk of the board shall certify to the Secretary of State the fact of the appointment, and the person so appointed shall be commissioned by the Governor; and if the unexpired term be longer than six (6) months, such appointee shall serve until a successor is elected as hereinafter provided.
[3] Miss. Code Ann. § 11-51-75 in pertinent part reads:

§ 11-51-75. Appeal to circuit court from board of supervisors, municipal authorities.
Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities. The clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment.
[4] The pertinent portions of Miss. Code Ann. §§ 11-39-1 and 11-39-3 read:

§ 11-39-1. To what cases applicable.
The remedy by information in the nature of a quo warranto shall lie, in the name of the state, against any person or corporation offending in the following cases, viz:
First  Whenever any person unlawfully holds or exercises the functions of any public office, civil or military, or franchise, or any office in any corporation, city, town, or village, and to try the right to any such office.
§ 11-39-3. Proceedings  how and where.
The proceedings in the cases set forth in section 11-39-1 shall be by information, in the name of the state, by the attorney general or a district attorney, on his own motion or on relation of another, and, in a case to try the right to an office, on the relation of the claimant thereof. The information shall be filed in the circuit court of the county of the residence of the defendant; or, in the case of an officer, where he acts as such; ...
[5] When this authority speaks of other statutory provisions, it is speaking of statutory provisions which have been expressly abolished quo warranto by statute, See § 4, p. 232.