BRIDGES, C.J.,
for the Court:
¶ 1. The Mississippi Gaming Commission appeals from a permanent injunction entered on April 3, 1998, by the Hinds County Chancery Court ordering the Gaming Commission to issue a bingo commercial lessor license to Tupelo Industries, Inc. Aggrieved, the Gaming Commission asserts the chancery court lacked jurisdiction to entertain Tupelo Industries’s request for a temporary restraining order, preliminary injunction and permanent injunction. We reverse.
*288 FACTS
¶ 2. In January 1998, Tupelo Industries, Inc. held a commercial lessor license issued by the Mississippi Gaming Commission (Gaming Commission) enabling it to lease a bingo hall to a charity for fund-raising activities as permitted under Miss. Code Ann. § 97-33-203 (Rev.1994). Tupe-lo Industries had renewed its license annually since its initial licensure in 1993. On or about January 29, 1998, Tupelo Industries sought to renew its license before it expired on March 30, 1998. Attached to the application were two appraisals, one of which was prepared by Robert L. Crook, II.
¶ 3. On February 27, 1998, Eddie L. Bays, branch director of the Charitable Gaming Division of the Gaming Commission, notified Tupelo Industries by certified mail to George Majewski of Austin, Texas, and Richard Henry of Austin, Texas, that “[t]he appraisal prepared by Robert L. Crook, II, as of January 29, 1998, and submitted as part of your application is hereby rejected by the Mississippi Gaming Commission” inasmuch as “[t]he use of hotel/motel banquet rooms as comparable rents for the type of property in which Magnolia Bingo is located is not acceptable.” The record shows that the bingo hall was in a strip shopping center. Further, Bays advised Majewski and Henry that before the Gaming Commission would consider Tupelo Industries’s application “appraisals which truly represent a reasonable market rental rate in an open and competitive market” should be submitted.
¶ 4. In response to the letter, Tupelo Industries filed a complaint for injunction in the Chancery Court of Hinds County on March 24, 1998, against the Mississippi Gaming Commission alleging the February 27, 1998 letter “effectively denied [Tupelo Industries’s] renewal application without any legal basis whatsoever and without affording [Tupelo Industries] an opportunity to be heard.” Additionally, Tupelo Industries filed an application for temporary restraining order and preliminary injunction on March 25, 1998, pursuant to M.R.C.P. 65 requesting the chancery court to enjoin the Gaming Commission from denying Tupelo Industries’s commercial lessor license and from prohibiting the playing of bingo at the location.
¶ 5. Responding to the complaint, the Gaming Commission asserted (1) a temporary restraining order was inappropriate in that Tupelo Industries had an adequate remedy at law under the Mississippi Charitable Bingo Law; (2) Tupelo Industries had not exhausted its administrative remedies; (3) the case was not ripe for appeal; (4) the chancery court did not have jurisdiction over the subject matter of the action; (5) Hinds County was not the proper venue for the action; and (6) the complaint failed to state a claim upon which relief could be granted. The Gaming Commission argued Tupelo Industries’s application had not been considered by the full Gaming Commission, that no action in regard to Tupelo Industries’s application had been placed on the minutes of the Gaming Commission, and that the Gaming Commission had made no attempt to force Tupelo Industries out of its commercial lessor arrangement.
¶ 6. On March 25, 1998, the temporary restraining order was granted by Chancellor Stuart Robinson. A permanent injunction in favor of Tupelo Industries was granted by Chancellor William Singletary after a hearing on April 3, 1998, enjoining the Gaming Commission from denying Tu-pelo Industries’s commercial lessor license and from closing the bingo hall. The permanent injunction further directed the Gaming Commission to issue Tupelo Industries a commercial lessor license, and prohibited the Gaming Commission from taking any action to deny, suspend or revoke said license until Tupelo Industries had been given an opportunity to be heard.
¶ 7. At its March 26, 1998 meeting, the Gaming Commission granted a ninety-day renewal license allowing Tupelo Industries to operate while the Gaming Commission assessed its pending application. The *289 Gaming Commission informed Tupelo Industries by certified letter to Reid Funder-burk of Austin, Texas, of the ninety-day renewal license and that the Gaming Commission required a third independent appraisal by a state certified appraiser be submitted by Tupelo Industries.
¶ 8. The following position was taken by Tupelo Industries in its letter to the Gaming Commission dated April 10,1998:
This will serve to inform ... the Commission that Tupelo Industries will not obtain a third appraisal.
The [Permanent Injunction] of the Court specifically directs the Mississippi Gaming Commission to issue a commercial lessor license to Tupelo Industries and it does not limit that license to 90 days nor does it require an appraisal. This will serve as notice to ... the Mississippi Gaming Commission that if the Mississippi Gaming Commission does not issue a commercial lessor license to Tupelo Industries at the next meeting of the Gaming Commission, then Tupelo Industries will file a Petition for Contempt against the Commission for its willful and deliberate violation of the clear and specific Order of the Court.
¶ 9. At its April 16, 1998 meeting, the Gaming Commission placed the matter on the agenda, but no license was issued to Tupelo Industries.
¶ 10. On April 28, 1998, Tupelo Industries filed a motion for contempt alleging that the Gaming Commission had violated the permanent injunction by not issuing the commercial lessor license as ordered by the chancery court, and a subpoena duces tecum was served on Bays ordering him to appear for a deposition on May 11, 1998. The Gaming Commission’s motion to quash the subpoena and for a protective order was denied by the lower court on May 12, 1998.
¶ 11. The Gaming Commission perfected this appeal on April 30, 1998, assigning as error the following:
1. The chancellor erred in assuming jurisdiction over Tupelo Industries’s request for injunctive relief before the Mississippi Gaming Commission acted on Tupelo Industries’s application for commercial lessor license;
2. The chancellor erred in issuing the temporary restraining order.
3. The chancellor erred in issuing a temporary restraining order which ordered the Mississippi Gaming Commission to grant a commercial lessor’s license to Tupelo Industries.
4. The chancellor erred in issuing a permanent injunction when .Tupelo Industries had not met the burden of proof for injunctive relief.
5. The chancellor erred in the permanent injunction when he ordered the Mississippi Gaming Commission to issue a commercial lessor’s license to Tupelo Industries before the Gaming Commission had acted on its minutes in regard to the application.
¶ 12. We reverse, finding the Hinds County Chancery Court lacked jurisdiction to grant injunctive relief.
ARGUMENT AND DISCUSSION OF LAW
¶ 13. The Gaming Commission asserts the chancery court lacked jurisdiction to grant injunctive relief in that the Gaming Commission had not denied Tupe-lo Industries’s license, and that Tupelo Industries had an adequate statutory remedy under the Mississippi Charitable Bingo Law. Tupelo Industries argues the letter from Eddie L. Bays, branch director of the Charitable Gaming Division of the Gaming Commission, “effectively rejected” its application for a commercial lessor license, and that it had no recourse pursuant to the Charitable Bingo Law except to file its complaint for injunction with the chancery court when the Gaming Commission rejected its application. We conclude the chancery court of Hinds County erred in granting equitable relief to Tupelo In *290 dustries when an adequate statutory remedy was available.
¶ 14. The legislature has vested the Mississippi Gaming Commission with the responsibility of issuing and renewing annual state licenses required by law for commercial lessors of premises on which bingo games are conducted. Miss.Code Ann. § 97-33-107 (Supp.1998). To lease premises to an entity conducting charitable gaming activities a commercial lessor license is required under Miss.Code Ann. § 97-33-203(1) (Rev.1994):
Any person leasing any premises for the conducting of charitable gaming activities shall obtain a commercial lessor’s license for each premises to be licensed. A commercial lessor’s license shall authorize a person to lease specific premises to licensees for the conducting of charitable gaming activities. The commission, upon application and compliance with other provisions for licensure contained in Section 97-33-201, shall issue a commercial lessor’s license to qualified persons.
Recourse is available to any person aggrieved by the denial of a license by the Gaming Commission. According to § 97-33-61 (Rev.1994):
Any person aggrieved by the final decision of the commission may obtain a judicial review thereof in the circuit court of the county in which the bingo games are conducted. The judicial review must be instituted by filing a petition within ten (10) days after the decision is rendered.
¶ 15. Thus, Tupelo Industries could appeal a final decision of the Gaming Commission in the Circuit Court of Lee County by filing a petition within ten days after the decision is rendered. The Gaming Commission neither denied nor granted Tupelo Industries’s application before it initiated an action in the Chancery Court of Hinds County.
¶ 16. A cursory reading of the February 27, 1998 letter reveals the Crook appraisal was rejected, not the application:
The appraisal prepared by Robert L. Crook, II, as of January 29, 1998, and submitted as part of your application is hereby rejected by the Mississippi Gaming Commission.
Moreover, the reason for the rejection of the appraisal was stated clearly by Bays: “The use of hotel/motel banquet rooms as comparable rents for the type of property in which Magnolia Bingo is located is not acceptable.” Magnolia Bingo was located in a strip shopping center.
¶ 17. Tupelo Industries argues the Gaming Commission’s rejection of Crook’s appraisal was arbitrary and capricious in that no rule, statute or regulation allowed the branch director to reject the appraisal. We disagree. An applicant for a commercial lessor license is required to attach two -independent appraisals to the application pursuant to Miss.Code Ann. § 97-33-203(2). Additionally, the Gaming Commission may require another appraisal to aid it in determining the reasonableness of the proposed rental rate for the premises. Section § 97-33-203(2) reads:
No lease of any premises by a commercial lessor to any charitable organization for a charitable bingo game shall provide for payment in excess of the reasonable market rental rate for such premises as determined by the average of two (2) independent appraisals for the premises. Such appraisals shall be conducted by appraisers selected by the applicant for a commercial lessor’s license from a list of state-certified appraisals compiled and maintained by the commission. The appraisals shall be submitted by the commercial lessor as a part of the application for a commercial lessor’s license. The commission may require that a third independent appraisal be conducted by a state-certified appraiser, selected by the applicant from the list, regarding any such property, which shall be used in arriving at the *291 average reasonable market rate. The commercial lessor shall pay the cost of such third appraisal....
Even if the appraisal by Crook is the same appraisal submitted the previous year as argued by Tupelo Industries, Miss.Code Ann. § 97-33-201(1) (Rev.1994) requires the Gaming Commission to investigate each application:
(a) Any organization or persons seeking licensure as a ... commercial lessor, shall submit an application to the commission on forms provided for such purposes. Such application shall contain such information as may be reasonably required by rules of the commission....
(b) The commission shall investigate all applications for licensure and, in addition to the information required on the application, may require the applicant to furnish such additional information as it deems necessary.
¶ 18. During its investigation of a submitted application, the Gaming Commission has the discretion to request a third appraisal or such additional information as it deems necessary. Here, the Gaming Commission notified Tupelo Industries that the appraisal of Crook was unacceptable because it did not use the proper benchmark — comparable commercial real estate in strip shopping centers — to show that the rent charged by Tupelo Industries was reasonable.
¶ 19. The Gaming Commission has statutory authority to determine whether the rent Tupelo Industries charged to lease its bingo hall was reasonable. Miss. Code Ann. § 97-33-69(9) provides, in pertinent part:
[N]o lease providing for a rental arrangement for premises ... shall provide for payment in excess of the reasonable market rental rate for such premises.... Whether a market rental rate is reasonable shall be determined by the commission.
The application of Tupelo Industries for renewal of its commercial lessor license was in the initial phase of the licensing decision. As part of its evaluation of Tu-pelo Industries’s application, the Gaming Commission requested an additional appraisal comparing the rental rates of similarly located commercial real estate. Instead of submitting a third appraisal as requested, Tupelo Industries flatly refused to do so. By failing to comply, Tupelo Industries prevented the Gaming Commission from considering its application due to the lack of information to form an opinion as to the reasonableness of the market rental rate. Because the Gaming Commission is responsible for licensing under the Charitable Bingo Law, Tupelo Industries was required to exhaust the administrative remedies available to it before resorting to the courts for resolution of its dispute. Miss. Division of Medicaid v. Beebe, 687 So.2d 702, 704 (Miss.1996) (citations omitted).
¶ 20. Tupelo Industries attempted to circumvent the application process mandated in the Mississippi Charitable Bingo Law by seeking equitable relief from the Chancery Court of Hinds County. The chancery court lacked jurisdiction to grant injunctive relief because (1) Tupelo Industries had not exhausted its administrative relief (the Gaming Commission had not denied its license) and (2) in the event Tupelo Industries is aggrieved by the final ruling of the Gaming Commission, the statutory remedy is an adequate remedy at law (appeal of Commission decision to the circuit court). Moore v. Sanders, 558 So.2d 1383, 1385 (Miss.1990).
¶ 21. In Miss. Dept. of Environmental Quality v. Weems, 653 So.2d 266, 273 (Miss.1995), the Mississippi Supreme Court stated:
[O]ur Constitution does not permit the judiciary of this state to retry de novo matters on appeal from administrative agencies. Our courts are not permitted to make administrative decisions and perform the functions of an administrative agency. Administrative agencies must perform the functions required of *292 them by law. When an administrative agency has performed its function, and has made the determination and entered the order required of it, the parties may then appeal to the judicial tribunal to the hear the appeal. The appeal is a limited one ... since the courts cannot enter the field of administrative agency. The court will entertain the appeal to determine whether or not the order of the administrative agency (1) was supported by substantial evidence, (2) was arbitrary and capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party.
¶ 22. The Gaming Commission was in the process of investigating the application to determine whether the license should be granted for another year. By assuming jurisdiction over the matter, the Hinds County Chancery Court performed the function statutorily assigned to the Gaming Commission when it ordered the Gaming Commission to issue a commercial lessor license to Tupelo Industries. Tupelo Industries is mandated by statute to appeal a final order of the Gaming Commission in the Circuit Court of Lee County, the county in which the leased premises are located. Accordingly, we reverse, finding the Chancery Court of Hinds County lacked jurisdiction to grant injunc-tive relief.
¶ 23. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS REVERSED. AND RENDERED. COSTS ARE ASSESSED TO THE AP-PELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ, CONCUR.